C. J. GREEN *v.* THE NORTH CAROLINA RAILROAD COMPANY.

Where the statute of limitations is relied upon as a defence, it must be pleaded. The objection cannot be taken by demurrer.

In an action to recover the value of certain wood sold by the plaintiff to the defendant, the wood at the time of the sale standing upon the land of the plaintiff, it was in evidence that the wood was sold by the cord: *Held*, that the plaintiff was entitled to recover, and that no memorandum of the contract in writing was necessary, because, when cut and corded, the wood became personal property.

(*Lippard* v. *Troutman*, 72 N. C. Rep. 551; *Mizzell* v. *Burnett*, 4 Jones 249, cited and approved.)

CIVIL ACTION, tried before *Henry*, *J.*, at January (Special) Term, 1875, WAKE Superior Court.

The plaintiff alleged that during the years 1863–'64–'65, and previous to the 1st of May, 1866, at the request of the defendant he delivered for the use of the defendant twenty-four hundred cords of pine wood, standing in the woods, which defendant cut and carried away. Defendant agreed to pay whatever the wood was worth, and that it was worth fifty cents per cord. Defendant has paid nothing for the wood, and demand of payment has been made.

The defendant demurred to the complaint, and the Court

sustained the demurrer. From the judgment of his Honor sustaining the demurrer, the plaintiff appealed.

All other facts necessary to an understanding of the case, are stated in the opinion of the Court.

*Battle & Son,* for the appellant.
*Smith & Strong* and *Batchelor,* contra.

SETTLE, J. The defendant assigns two causes of demurrer to the plaintiff's complaint :

1st. " That it appears upon the face of the complaint that the cause of action on which the plaintiff brings his said action, did not accrue to plaintiff within three years next preceding the commencement of said action."

The contract under which the defendant took the wood from the land of the plaintiff was made as early as 1863. The statute of limitations did not commence to run against such contracts until the 1st day of January, 1870, and this action was commenced on the 31st day of December, 1870. So the action is in time by one day.

But the defendant relies upon the act of 1866–'67, chap. 18, to take this case out of the general rule established by the act of the same session, chap. 17, which suspended the statute of limitations until January, 1870.

This Court had occasion at the last term to consider this question, when it was held that the provision of chap. 17, suspending the statute of limitations, applied to all suits in equity, as well as to actions at law, where the suit or cause of action is founded on any contract or obligation entered into prior to the first day of May, 1865 ; and that the Courts were open after that date, and up to the 1st day of January, 1870, *only* for such suits and causes of action as are founded on contracts or obligations entered into since the 1st day of May, 1865. *State ex rel Lippard* v. *Troutman,* 72 N. C., 551. So this action was commenced within the time limited by statute, but

had it been otherwise the objection could not have been taken by demurrer.

The only pleading on the part of the defendant is either by demurrer or answer, and the causes for which he may demur to the complaint are specified in Bat. Rev., chap. 17, sec. 95, and the statute of limitations is not amongst them, but by reference to section 16 of the same chapter, we find " the objection that the action was not commenced within the time limited can only be taken by answer."

2. " That the contract on which the plaintiff brings his action is a contract to purchase real property, and that no memorandum thereof was put in writing and signed by the defendant, nor by any one by him thereto lawfully authorized ."

It is conceded that an executory contract to sell growing trees is within the statute of frauds. *Mizell* v. *Burnett,* 4 Jones, 249, and that a specific performance of the same cannot be enforced against the party to be charged therewith, unless the same or some note or memorandum thereof be made in writing and signed, as required by statute.

In other words, the defendant here could not have enforced the specific performance of this contract, on the one hand, nor on the other, could the plaintiff have recovered damages, had the defendant failed to take the trees and comply with the contract.

But as the contract has been complied with, to the extent that the defendant has got the plaintiff's wood, we see no reason why the plaintiff should not recover the value of the wood.

The contract amounted to a license to the defendant, from the plaintiff, to enter his land and cut and cord wood. As soon as the wood was cut, it became personal property, and it matters not whether the plaintiff himself cut and corded the wood he sold to the defendant, or whether, under the contract, he used the labor of the defendant to cut and cord it.

It will be observed that the wood was sold by the cord, thereby leaving something else to be done besides the cutting

or severing from the realty, before the exact rights of the parties, under the contract, became ascertained and fixed.

The judgment of the Superior Court is reversed, the demurrer overruled, and the case remanded to the Superior Court to be proceeded in according to law.

PER CURIAM.                                        Judgment reversed.