JAS. W. BACON, Ex'r, v. JOHN BERRY, Adm'r.

*Account and Settlement——Pleading——Statute of Limitations.*

1. A demurrer to a complaint in a proceeding for account and settlement, which assigns as cause, that a certain justice's judgment was dormant and that plaintiff had no right to have the same docketed in the superior court, is insufficient on the ground of irrelevancy to defeat plaintiff's action.

2. The statute of limitations, relied on as a defence, must be pleaded in the answer, and not set up by demurrer.

  (*Green* v. *R. R. Co*, 73 N. C., 524, cited and approved.)

PROCEEDING in nature of creditor's bill heard at Fall Term, 1881, of Orange Superior Court, before *Gudger, J.*

This was a creditor's bill, filed by the plaintiff against defendant, as administrator of Isaac Holden, deceased, before the clerk of the court under the act of 1871–'72, ch. 213, for an account and settlement of the defendant's administration, and for payment of a judgment which plaintiff's testator, Duncan Carrington, had recovered before a justice of the peace against the defendant's intestate. The summons was dated March 4, 1881.

The complaint alleged: 1. That on the 10th of August, 1872, Duncan Carrington obtained a judgment before a justice in Orange county against John T. Lyon and Isaac Holden for sixty-one dollars with interest and costs. 2. That a transcript of the same was docketed in the superior court on the 31st of January, 1879. 3. That Harrington was dead, and the plaintiff had qualified as his executor. 4. That Holden was dead, and the defendant was his administrator. Judgment was demanded that defendant come to an account of his administration, and pay to plaintiff the amount due upon said judgment out of the personal estate, if sufficient, but if not, that proceedings be taken against the heirs to subject the lands, &c.

The defendant demurred to the complaint and assigned as grounds therefor: 1. That said judgment being rendered on the 10th of August, 1872, was dormant after one year, and the plaintiff had no legal right to issue execution after August 10th, 1873, nor to transfer the same to the superior court and have it docketed, unless he had obtained a new judgment thereon; and it appearing from the complaint that the transcript was obtained on the 31st of January, 1879, the defendant insists that the judgment was not legally docketed in the superior court. 2. As appears from the complaint, more than seven years have elapsed from the rendition of the judgment to the bringing of this action.

Upon the hearing, the court adjudged that the demurrer be sustained and the action dismissed, and the plaintiff appealed.

*Mr. John W. Graham*, for plaintiff.
*Mr. Isaac Strayhorn*, for defendant.

ASHE, J.   This proceeding is in the nature of a creditor's bill, filed under the act of 1871-'72, ch. 213, and is for an account and settlement of the estate of the defendant's intestate.

The matters set up in the first clause of the demurrer are insufficient to defeat the plaintiff's action.   Whether the judgment was dormant and the defendant had no right to issue execution thereon after the 10th day of August, 1873, or had no right to have the judgment transferred to the superior court and docketed, are questions totally irrelevant; and for that reason, that clause of the demurrer should not have been sustained.

And the second cause of demurrer is not less untenable, for the cause assigned is that more than seven years have elapsed from the rendition of the judgment to the bringing of the action.   It is in fact a plea of the statute of limitations, which must always be pleaded in the answer.   It is an objection that can never be taken by demurrer.   *Green* v. *R. R. Co.*, 73 N. C., 524.

There is error.   The judgment rendered below must be reversed, and this must be certified to the superior court of Orange county, that a *procedendo* may be issued to the probate court for that county.

Error.                                                    Reversed.