ANNA GILES v. THOMAS HUNTER et al.

*Husband and Wife—Husband's Right in Wife's Property—Judge's Charge, Exception to must be Specific—Deed, Mistake in—Burden of Proof.*

1. Where a *feme covert* was married and became entitled to real and personal property before the Constitution of 1868, the husband had the right to the personalty on reducing it into possession, and if she allowed the proceeds of sales of the realty to be paid to him it also became his; and if such proceeds were invested, with her consent, in other lands, without request on her part that title should be made to her, and it was made to him, the land vested absolutely in him, discharged of every equity in her.

GILES *v.* HUNTER.

2. When a party excepts to a charge of the Judge, that there was no evidence of fraud, the exception should point out the evidence in which it is claimed that fraud appears. Otherwise, the appellate court may disregard it.

3. The proof necessary to establish an alleged mistake in a deed should be clear and convincing that a mistake was in fact made in drafting the deed.

4. A party to a civil action, who has the affirmative of a material issue, must establish his contention by a preponderance of evidence, and proof of notice of an equity is not an exception to the rule.

CIVIL ACTION, tried at the February Term, 1888, of the Superior Court of MADISON County, before *MacRae, J.*

The plaintiff alleged, in substance, and offered testimony tending to prove:

1. That she was married to one J. M. Giles before the Constitution of 1868 was adopted.

2. That at the time of her said marriage there was due her (arising from the sale of negroes and personal property and land) from the estate of her father, who died prior to the year 1854, a considerable sum of money, a part of which was in the hands of the administrator of her father, and a part was due her from her guardian.

3. That on the 8th day of September, 1868, Hannah McDowell, the mother of the plaintiff, conveyed to said J. M. Giles, by mistake of the draftsman, a tract of land (described in the complaint), it being the intention of the parties that said conveyance should be made to the plaintiff.

4. That the only consideration for the said conveyance made to said Giles was the assignment by plaintiff and her said husband of her said interest, made on September 8, 1868, in the following form, to-wit:

" Whereas, there are certain moneys due and to become due to the heirs of James McDowell, deceased, to be paid by the Clerk and Master in Equity for the county of Yancey, State of North Carolina, by whom, and under and by virtue

of a decree of the Court of Equity for said Yancey County, certain lands and other property for partition among the heirs of said estate, on the __ day of _____, 18__; and whereas, the aforesaid money is due, in part, to the undersigned Anna Giles: Now, therefore, know all men by these presents, that we, J. M. Giles and Anna Giles his wife, of the county and State aforesaid, for and in consideration of the sum of $1,650, to us in hand paid by Hannah McDowell, of the county of Madison, State aforesaid, the receipt whereof is hereby acknowledged, have, on this 8th day of September, 1868, and we do hereby assign, transfer and set over unto the said Hannah McDowell and her heirs the full amount of said sum of $1,650 and all other moneys due us from any part of said estate from the Clerk and Master and guardian of said heirs of James McDowell, deceased, to the said Anna Giles, as one of the heirs of James McDowell, deceased, aforesaid; and we do hereby direct and instruct the Clerk and Master in Equity of the Court aforesaid, and said guardian of the heirs of James McDowell, deceased, to pay over to the said Hannah McDowell and her heirs the whole amount of said estate due us in any way, or by such decree. In witness whereof," &c.

5. That the defendants purchased said land at an execution sale by the Sheriff, with notice of the plaintiff's equity, and afterwards, the said J. M. Giles conveyed the said land to them.

The defendants answered and offered evidence tending to show that there was no mistake in drawing the said deed, but that it was drawn under instruction of the grantor, Hannah McDowell, and that the conveyance was made to J. M. Giles because he had an interest in the money due to his wife, could reduce it to possession, and it would then be his property, and the plaintiff's mother was anxious to convert the fund into land to prevent J. M. Giles from spending it. The defendants denied notice of any claim on the part of

plaintiff before purchasing the land, and alleged that her mother, Hannah McDowell, was a bidder at the sale, and also denied the allegation of the complaint generally.

A great deal of evidence was offered to sustain the contentions on each side.

The first issue involved the question, whether the deed was drawn by mistake; the second, whether the assignment set forth above was the consideration for the execution of the deed, and it was admitted that it was. The third issue involved the question, whether the defendants had notice of plaintiff's claim when they bought. The fourth issue was an inquiry as to damage.

The plaintiff prayed the Court to instruct the jury as follows:

"1. That if it was the intention and contract of the parties to the deed, in which Giles' name appears, that the deed was to be made to Anna Giles, whose name was not inserted by the draftsman, then the plaintiff is entitled to have the same corrected ; and if the proofs satisfy the jury of these facts, then they should find ʄ'Yes' to issue No. 1. That to determine this fact, they may look to all the circumstances, the consideration paid, &c.

" 2. That although the property of the wife in this case should have belonged to the husband, in consequence of his rights accruing prior to 1868, yet, if he made an agreement that the deed should be made to his wife, it is equivalent to the agreement that the property thus obtained by the marriage should be vested in lands for her benefit, and if such agreement was violated by mistake, the plaintiff is entitled to recover.

" 3. That when land is sold at a chancery sale, the money for which it sells remains as real estate as to infants and *femes covert* until the change of the same in some of the modes required by law.

" 4. That the relation of husband and wife is a delicate and fiduciary relation, and the dealings between husband and wife, by which the husband gets an advantage, is to be scrutinized by the courts.

"5. The law provides a mode by which a married woman shall dispose of her property, and no mere tacit acquiescence of the wife will estop her from asserting her rights."

The Court instructed the jury as follows:

" The first issue submitted is, whether the deed from Mrs. McDowell to James Giles was so made by mistake or fraud, and was it really intended by the parties to have been made to the plaintiff, Mrs. Giles, instead of to her husband? The testimony offered by plaintiff tends to prove that it was the result of a mistake; that the intention of Mrs. McDowell and of Giles and his wife was, that it was to be made to Mrs. Giles, and that when Mrs. McDowell instructed the draftsman how to write it, she told him to make to Mr. Giles, instead of to his wife, by mistake. On the other hand, the testimony offered by the defendant tends to contradict this theory, and to prove that it was well understood between all the parties interested that it was to be made just as it was made, and that there is no mistake about it. There is no evidence of any fraud in the making of this deed.

" In order to enable this Court, which for the trial of this action is a Court of Equity, to settle the matters in controversy between the parties, as this is one of the questions which can alone be determined by a jury, the Court asks you to find, whether it is true that there was a mistake in the insertion of the name of James Giles instead of Anna Giles as grantee. A deed, on account of the manner in which it is executed, is presumed to mean what it says, and it requires the strongest proof before a jury can declare that there was a mistake in it, and so empower the Court to have it changed in its effect. I have endeavored to give you the testimony fully upon this point as it was delivered by the

witnesses, and you have had the benefit of argument from many counsel as to the effect of that testimony. Now, if, upon a careful consideration of the whole of the evidence, you have been satisfied that there was a mistake made by Mrs. McDowell in directing the draftsman to write the deed so as to convey the land to James Giles instead of his wife, and that Giles and his wife and Mrs. McDowell had really agreed to have it made to Anna Giles, you will respond to this issue, ' Yes.' But unless you are clearly convinced of this fact—if you are still in doubt about it, you will answer, ' No.' If your response is in the negative, you may return your verdict without considering the other issue; but, if in the affirmative, you will proceed to the consideration of the second issue.

"2. ' Was the land which was conveyed by said deed paid for by a conveyance of plaintiff's interest in the estate of her father?' ·

"If you have answered 'Yes' to the first issue, and if you believe the testimony offered on this point, you will respond to the second issue 'Yes,' for all the testimony tends to prove that the assignment or conveyance made by Giles and wife to Hannah McDowell was made in consideration of the conveyance by Hannah McDowell of the land in dispute, either to Giles or his wife. The marriage of the plaintiff to James Giles having taken place, if you believe the testimony, before the adoption of the present Constitution, the husband also had his vested rights in his wife's property, real and personal, but it was still the plaintiff's interest in the estate of her father which was conveyed by the deed or assignment of plaintiff and her husband to Hannah McDowell.

"3. The third issue is, did defendants have notice of plaintiff's equity of any right plaintiff might have had to have the deed reformed so as to make it read to *her* instead of to her husband, or to have him declared a trustee for her benefit? This

notice may be actual notice, or it may be the knowledge of circumstances which ought to lead to further inquiry into the matter, and which would upon such inquiry give information of the equity. Has the plaintiff satisfied you, by a preponderance of evidence, that the defendants did have notice? Defendant Hunter, it is admitted, claims under Trull & Guthrie, and is affected by notice to them, if there was any. Did Mrs. McDowell forbid the sale and give notice then and there, or did she, before the sale by the Sheriff (which is admitted to have been before the deed from James Giles to defendant), notify them, Trull & Guthrie, that her daughter was the real owner of the land? or do the circumstances testified to, and which you believe, satisfy you that defendants had this notice before they bought the land? If so, respond 'Yes' to the issue; if not, respond 'No.' And if you respond 'No' to this issue, you need not trouble yourselves further; but if you say 'Yes,' you must consider the last issue, Fourth, as to damages: The damage would be a fair rental value of the land, for from three years before the action was begun until the trial—1872 to 1888—nearly sixteen years, and the amount of damage done to the land by defendants. Of course this would be offset by the improvements, if any, put upon the land by defendant."

The plaintiff excepted to the charge given, and to the refusal to give instructions asked.

The jury found the first issue for the defendants.

The plaintiff moved the Court for judgment, *non obstante veredicto*, upon the alleged grounds that, the land having been paid for by the property of Anna Giles, due her prior to the adoption of the Constitution of 1868, the deed made by her husband, James Giles, to the defendants, for the land in dispute, could pass no title to the defendant, without the signature and privy examination of Anna Giles, under the act of 1848–'49; but this motion was refused by the Court, and the plaintiff excepted.

The plaintiff moved for a new trial, on the following assigned errors in the charge to the jury:

" 1. In holding that there was no evidence of fraud.

" 2. To so much of the charge as related to the measure of proof required to show a mistake in drawing a deed, in order to reform it.

" 3. That the Court instructed that notice might be shown by a preponderance of evidence.

" 4. For error in not giving the special instruction as prayed for by the plaintiff."

Judgment for defendant, and appeal by plaintiff.

*Mr. Chas A. Moore*, for the plaintiff.

*Messrs. W. W. Jones* and *Theo. F. Davidson*, for the defendants.

AVERY, J. (after stating the case). The plaintiff asks for judgment upon the verdict on the ground that the consideration of the deed executed by Hannah McDowell to James M. Giles, the plaintiff's husband, on the 8th of September, 1868, was the assignment by her of her interest in a fund arising from the sale of the property of her father, who died prior to the year 1858.

The plaintiff was married to Giles before the Constitution of 1868 became a law. The husband could, therefore, have acquired the absolute title to his wife's personal property by reducing it to possession. If the money arising from the sale of the land was allowed, by her consent, to be paid to him, it became his property. If it was invested, with her consent, in other lands, and with no request on her part that the land purchased should be conveyed to her or for her benefit, and the husband took title to himself, the land vested absolutely in him, discharged of any equity in her. *Temple* v. *Williams*, 4 Ired. Eq., 39; *Black* v. *Justice*, 86 N. C., 504; *Hackett* v. *Shuford*, 86 N. C., 144.

Even the right on the part of the husband to reduce to possession money due to the wife, though not exercised by him, would constitute a sufficient consideration to support a deed to him for land; and where, as in this instance, the wife joins in assigning a fund, arising in part from sale of personalty, and in part from sale of land belonging to her father's estate, and that assignment is the consideration of the conveyance made to him, there is no resulting trust raised in the wife as to the land conveyed.

The plaintiff excepts to the charge of his Honor, that there was no evidence of fraud.

By a careful review of the evidence sent up, we discover no testimony tending to prove fraud. The exception, as stated in the record, did not make it incumbent on the appellate court to examine the evidence for the mere purpose of passing upon this exception, unless the plaintiff had pointed out, in the mass of testimony, that relied upon to show that the Court below was in error. It is questionable, too, whether the complaint contains a sufficient allegation of fraud, as distinguished from mistake.

The next exception was to that portion of the charge of the Court in which the law, as to the measure of proof necessary to establish an alleged mistake in a deed and entitle a complainant to a decree ordering the deed to be reformed, was stated. The plaintiff has no reason to complain of the instructions on this point.

In the case of *Harding* v. *Long* (decided at the present term), this Court reiterated the principle (first laid down as applicable to jury trials in *Ely* v. *Early*, 94 N. C., 1) that an alleged mistake in a deed must be shown by clear and convincing proof, in order to justify a verdict finding that a mistake was in fact made in drafting it.

The only remaining assignment of error is, that the Judge erred in instructing the jury that the burden was upon the plaintiff to show, by a preponderance of testimony only, that

the defendants had notice of the equitable claim of the plaintiff. We cannot understand, if it is material, why such an objection and exception should emanate from the plaintiff; but it so appears of record. The general rule is, that a party to a civil action, who has the affirmative of an issue, is required to show his contention by a preponderance of testimony. The proof of notice of an equity does not constitute an exception. Besides, the jury were properly told that if they found, in response to the first issue, that there was no mistake, it would not be necessary for them to pass upon the third issue.

No error.                                 Affirmed.