### THE STATE v. CHARLES JOHNSON.

*"Prejudice"—Judges—Evidence—Statute—Discretion.*

1. The provision in the statute—ch. 53, Laws of 1885—that the trial of an indictment pending in the Criminal Courts of New Hanover and Mecklenburg may be transferred to the Superior Courts of those counties on account of the "prejudice" of the Judge thereof, extends only to those cases where that Judge has such settled, preconceived opinions, hostile to the party to be tried, as would render him unable to impartially discharge his functions.

2. Whether such removal should be made is ordinarily a matter of unreviewable discretion, though, in an extreme case, it might be otherwise.

3. Where the presiding Judge said, in a private conversation, after hearing the testimony of a witness, who was thereafter indicted for perjury committed in giving that testimony, that the witness was "a grand scoundrel": *Held*, no evidence of such "prejudice" as would disqualify him from presiding at the trial for perjury.

CIVIL ACTION, tried in the Criminal Court of NEW HANOVER County, at September Term, 1889, *Meares, J.*, presiding.

The defendant in the action was examined as a witness for the State in a criminal action pending in the Criminal Court of the County of New Hanover, wherein the defendants were charged with the crime of larceny. After the trial in that action, the defendants having been acquitted, and after the Court had adjourned, in a private conversation with one of the counsel for the prosecution, the Judge of the

Criminal Court who presided at the trial, and who presided at the trial presently to be mentioned, said of the present defendant, who had been so examined as a witness, he was "a grand scoundrel."

The next morning the grand jury presented an indictment, charging the defendant with the crime of perjury, committed on the trial of the action above mentioned. This was Friday morning of the Term of the Court. The defendant having appeared and pleaded not guilty, moved that the action be continued. The motion was denied, and it was ordered that the case stand for trial on the next succeeding day.

When the action was called for trial, the defendant moved that it be transferred to the Superior Court of New Hanover County, as allowed by the statute (Acts 1885, ch. 63, § 16), and produced his own affidavit in support of his motion, in which he stated that the presiding Judge, "apparently, formed a very decidedly unfavorable opinion of this affiant from the testimony of said defendants (in the action first above mentioned), and others, who are the State's witnesses against this defendant and affiant—so much so that he, the said Judge, remarked to this affiant's counsel that he, this affiant and defendant, was "a grand rascal or a grand scoundrel"; wherefore, this affiant and defendant alleges and declares that he has reason to believe, and does verily believe, that he cannot obtain a fair trial and justice at this Court, on account of the prejudice of the presiding Judge," &c.

The Court denied the motion and the defendant excepted. He was then put upon his trial. There was a verdict of guilty and the defendant moved for a new trial, assigning as ground of his motion that the Court had refused to transfer the action to the Superior Court.

*The Attorney General,* for the State.
No counsel for the defendant.

MERRIMON, C. J.—after stating the case: It does not appear that the presiding Judge had any settled. or, indeed, any ill-will or prejudice, in any legal sense, against the defendant. The latter, shortly before this action began, was examined as a witness on a criminal trial in the same Court before the presiding Judge, and, as the latter thought, placed himself in a very unfavorable light. The Judge spoke of this in a private conversation with one of the counsel, and said of him that he was "a grand scoundrel." This was a harsh remark, but it did not of itself imply malice or prejudice, or such dislike as would lead an intelligent Judge to do the defendant injustice in this or any other case. It was no more than a harsh criticism made privately in the hearing of defendant's counsel, without, so far as appears, any malice or prejudice to injure the defendant. Judges very often see suitors and witnesses appear before them in very unfavorable views—saying and doing things reprehensible, indicative of unjust and evil purposes. If in such a case a Judge should incautiously in a private conversation speak harshly of a person so compromising himself, this surely could not of itself be properly regarded and treated as implying prejudice of the Judge so speaking, or of itself evidence of it. Indeed, sometimes Judges from the bench reprimand offending persons, but this, while it should be done cautiously and only in clear cases, could not be regarded as implying ill-will or prejudice of the Judge. In such case, he is presumed to speak in condemnation of the wrong and with a view to correct it. Judges in the course of their duties as to matters, cases and things that come before them are not presumed to be mean and unprincipled men, seeking to gratify feelings of malice and revenge, or to be prompted or governed by prejudice, and when it is alleged or suggested in any proper connection that they are, this should be made to appear affirmatively and clearly.

The statute (Acts 1885, chap. 63) creating Criminal Courts in the counties of New Hanover and Mecklenburg, prescribes in section sixteen thereof, that in cases of application for a change of venue "on account of the interest, prejudice or relationship of the Judge of said Court, or on account of any other legal objection to said Judge, the cause shall not be transferred to another county for trial, but the Judge *may* order it to be transferred to the Superior Court of said county," &c. The prejudice thus made a ground of such transfer of the action implies that the Judge has such settled, preconceived opinions, adverse to the complaining party, as would lead him to prejudge the latter's case—such as would prevent him from making due examination and scrutiny of the facts and circumstances of the case and applying the law to the same, giving, in doing so, just weight to the arguments that might be made and what might be properly said in his behalf.

An intelligent Judge, without motive otherwise, does not lightly or hastily form and entertain such opinions. However much, in the course of his duties, he may disprove of, or condemn, what a party does or says in one or more cases, or on other occasions, he is careful to leave his mind clear to do such party justice when he shall be charged with crime and tried before him. If his mind is thus free, he has not such prejudice as is contemplated by the statute. As we have already said, a Judge condemning an offending party before him in words, does not of itself imply prejudice. When, however, he is of himself sensible, or made sensible, that he has such preconceived opinions — prejudice — as might prevent him from doing the party justice, he is bound, and should not hesitate, to transfer the action as contemplated by the statute. In that case, he is bound in conscience and by the highest official obligation to do so. He should do so the more readily, because it lies, in his sound discretion, to make, or refuse to make, such order of transfer,

and his exercise of discretion is not, ordinarily, reviewable in this Court. Perhaps, in an extreme case, it might be, but it certainly is not in a case like the present one. *The Code*, § 196; *State* v. *Duncan*, 6 Ired., 98; *State* v. *Hildreth*, 9 *id.*, 429; *State* v. *Hill*, 72 N. C., 345; *State* v. *Hall*, 73 N. C., 134.

There is no error, and the judgment is affirmed.

Affirmed.