KESIAH RANDOLPH v. WILLIAM RANDOLPH et al.

*Pleading — Demurrer — Legal and Equitable Defences — Facts Sufficient to Constitute a Cause of Action.*

1. Where a pleading sets out that property was conveyed to one R., at his instance, for the purpose of defrauding his wife, and that the consideration of the conveyance was her land: *Held,* sufficient facts were set out to constitute a cause of action.

2. Under the former practice in equity, advantage could be taken of lapse of time without plea, where it appeared upon the face of the pleadings that the cause of action was barred; but now there must be a plea in all cases, whether of an equitable or legal nature.

This was a CIVIL ACTION, heard at Spring Term, 1889, of YANCEY Superior Court, before *Armfield, J.,* on answer and demurrer.

The facts are set out in the opinion.

*Mr. W. H. Malone,* for plaintiff.
*Mr. J. F. Morphew,* for defendants.

SHEPHERD, J.: The judgment recites that a demurrer was filed, but no such pleading to the amended answer appears in the record. Taking it, however, as a demurrer *ore tenus,* that the answer does not state facts sufficient to constitute a defence, or counter-claim, we are of the opinion that there was no error in the ruling of the Court. The answer, while very inartifically drawn, states sufficient facts to establish a resulting trust in favor of the former wife, the mother of these defendants. Malone Real Property Trials, 505 ; Pom. Eq. Jur., 1031. It is alleged that the property was conveyed to Samuel Randolph at his instance, for the purpose of defrauding his wife, and that the consideration of the conveyance was her land.

The case of *Giles* v. *Hunter*, 103 N. C., 194, and the
authorities there cited, have no application here, as in those
cases the consideration was the money of the wife, which,
under the former law, vested in the husband *jure mariti.*

It is true, as argued by counsel, that in equitable actions
under the former system advantage could be taken of the
lapse of time without plea, where, upon the face of the plead-
ings, it appeared that the cause of action was barred. Under
the present practice there must be a plea in all cases, whether
of an equitable or legal nature. *Guthrie* v. *Bacon*, decided
at this term.

We forbear any further discussion of the case, as the
points are not very clearly presented, and we might prejudge
other questions which may arise upon the replication or the
trial of the action. Suffice it to say, that upon the face of
the answer we think that the demurrer was properly over-
ruled.

Affirmed.