J. W. ALBERTSON et al. v. HARVEY TERRY et al.

*Removal of Causes — Prosecution Bond—Statute of Limitations.*

1. The finding of facts by the trial court upon a motion to remove is conclusive, and the ruling of the Court thereupon is not reviewable.

2. An objection to a prosecution bond, made after the jury has been empanneled, comes too late.

3. The statute of limitations is not available unless pleaded.

CIVIL ACTION, tried at Spring Term, 1891, of PASQUOTANK Superior Court, *Bryan, J.,* presiding.

The plaintiffs sued to recover the sum of five hundred dollars, alleged to be due them as attorneys at law for pro-

fessional services.  There was judgment by default for want
of an answer, and upon the inquiry as to the amount due
them the questions presented for review arose.  There was
judgment for plaintiffs, from which the defendants appealed.

*Mr. E. F. Aydlett,* for plaintiffs.
*Mr. Harvey Terry,* for defendants.

CLARK, J.: The case on appeal presents four exceptions
for review—

1. The denial of the motion to remove

The statute (*Code,* §§ 196, 197) forbids the Judge to re-
remove a cause on an allegation that a fair trial cannot be
had in the county where pending, unless satisfied, after
thorough examination of the evidence, that the ends of
justice demand a removal.  Here, the Judge finds as a fact
that the defendants could secure a fair trial in said county.
Such finding is conclusive, and, besides the granting or
refusal of such motion, is not reviewable.  *State* v. *Duncan,*
28 N. C., 98; *State* v. *Hildreth,* 31 N. C., 429; *State* v. *Hill,* 72
N. C., 345; *State* v. *Hall,* 73 N. C., 134; *State* v. *Johnson,* 104
N. C., 780.

2. After the jury was empanneled, the defendants moved
to nonsuit the plaintiffs, because the prosecution bond was
improperly executed.  The plaintiffs asked leave to perfect
the bond, which was granted, and defendants' motion denied.
The objection came too late.  *Brittain* v. *Howell,* 19 N. C.,
107; *Russell* v. *Saunders,* 48 N. C., 432; *Hughes* v. *Hodges,* 94
N. C., 56.

3. After argument by counsel to the jury, the defendants
asked the Court to charge the jury that "no charge in the
bill of particulars against Terry is shown that is not paid
in full to plaintiffs, as shown by copies of receipts filed;
therefore Terry is not liable for the debts of Ely."  The
Court declined to give the instruction, and charged the jury

that it was a question of fact for them, in passing upon which they were to be guided by the evidence submitted to them.

Had the Judge granted the prayer, it would have been a palpable violation of the Act of 1796 (*Code*, § 413). The question of payment was an issue of fact for the jury.

4. Because the Court declined to charge, as requested, that all items of charges made by plaintiffs more than three years before suit brought were barred by the statute of limitations. The trial was an inquiry instituted upon a judgment by default for want of an answer, taken at the previous term. It is familiar learning that the statute of limitations is not available unless pleaded. *Guthrie* v. *Bacon*, 107 N. C., 337; *Randolph* v. *Randolph, Ibid,* 506; and this is required by the statute. *The Code*, § 138.

Affirmed.