## KING v. POWELL.

(October 9, 1900.)

*Limitations, Statute of—Pleading—Demurrer—Answer.*

> The statute of limitations can not be set up by demurrer, but
> must be specially pleaded in the answer.

ACTION by J. G. King against A. M. Powell and another,
to enforce a judgment lien against certain land, heard by
Judge *H. R. Starbuck,* at March Term, 1900, of WARREN Su-
perior Court.    From a judgment sustaining a demurrer to the
complaint, the plaintiff appealed.

*Cook & Green,* for plaintiff.
*Pittman & Kerr,* for defendant.

FAIRCLOTH, C. J.    The plaintiff had a docketed judgment
against W. W. Powell, who conveyed his tract of land to A. M.
Powell and John Powell after said judgment was docketed.
The plaintiff institutes this action for an order to sell said land
to satisfy said judgment.    The defendants demur to the com-
plaint on the ground that it appears therein that the plain-
tiff's lien had expired and was lost by the lapse of time.    The
demurrer was sustained, his Honor holding that the complaint
stated no cause of action against the defendants.    The plain-
tiff excepted, and appealed.

We express no opinion on the point decided by his Honor, for the reason that the statute of limitations can not be set up by demurrer. *Bacon v. Berry,* 85 N. C., 124. The objection that the action was not commenced within the time limited can only be taken by answer. Code, sec. 138; *Green v. Railroad Co.,* 73 N. C., 524; *Kahnweiler v. Anderson,* 78 N. C., 133; *Bank v. Loughran,* 122 .N C., 668. The Code requires the statute of limitations to be specially pleaded, whether the cause of action be legal or equitable. *Guthrie v. Bacon,* 107 N. C., 337.

Error. Reversed.