JOHN T. MOODY v. M. L. WIKE et al.

(Filed 22 December, 1915.)

**1. Pleadings—Demurrer—Speaking Demurrer.**

A demurrer to the complaint pleading the statute of limitations as a defense calls in aid matters extraneous to the pleading demurred to, and is called a "speaking demurrer," which is bad and not allowable. Revisal, sec. 361.

**2. Judgments—Fraud.**

Where the parties have agreed to compromise an action, and the judgment entered is attacked for fraud or imposition in an independent action,

as not being in conformity with the agreement entered into, it is immaterial that the alleged fraud was not repeated when the court signed the judgment, for it is considered as having continued from the date of its origin to the rendition of the judgment, and then operating upon the party, in the absence of allegation to the contrary.

**3. Same—Independent Action—Fraud on Court—Motions in the Cause.**

An independent action to set aside a judgment for fraud in its procurement is a proper remedy, and the judgment may be attacked by motion in the original cause when it has been obtained by fraud practiced upon the court.  ·       ·

**4. Pleadings—Judgments—Fraud—Allegations Sufficient—Demurrer.**

The plaintiff in his action to set aside a judgment alleged that he and the defendant agreed upon a compromise judgment to be entered by consent wherein the defendant was to receive about 2 acres of the land in controversy; that during his sickness he directed that the judgment be drawn to carry out the agreement, he being represented by his attorney, who was ignorant of the terms, and that upon representations of the defendant made to his own and the plaintiff's attorney, and with intent to deceive and to defraud the plaintiff, he deliberately and falsely caused other boundaries to be incorporated in the judgment, which included a much larger acreage: *Held*, these allegations, if sustained, were sufficient to set aside the judgment consequently entered, for fraud; and upon demurrer they are taken to be true.

APPEAL by defendants from *Cline, J.,* at May Term, 1915, of JACKSON. Civil action heard on demurrer to the complaint.

Plaintiff alleged substantially that at October Term, 1909, of said court a suit was pending between M. M. Wike as plaintiff and John T. Moody, plaintiff in this cause, as defendant, and during the trial thereof it was agreed that M. L. Wike be made a party plaintiff, which was done, and thereafter it was further agreed that the case be compromised and settled upon the terms that the plaintiff M. M. Wike should abandon his claim for damages, and, in consideration thereof, John T. Moody should convey to M. L. Wike a piece of land described by metes and bounds and containing about 2 acres, which was then claimed by M. L. Wike.    The plaintiff John T. Moody was very sick at the time of drawing and entering the consent judgment or the compromise, and notified counsel for the plaintiffs in that case that his attorney would represent him.    The judgment was prepared by said plaintiffs and their counsel in the latter's office, where the plaintiff M. L. Wike, well knowing the terms of the agreement and the boundaries of the land intended and agreed by the parties to be conveyed to him by the plaintiff, with the intent to deceive and mislead his own attorney, who was ignorant of the lines and boundaries of the land, and the plaintiff's attorney, who was not familiar with the said lines and boundaries, and with the dishonest intent to obtain more land than was agreed to be conveyed to him, falsely, knowingly, and fraudulently represented to his own counsel, who was at the time drawing the judgment, the lines and boundaries of the land, and falsely and deceitfully dictated to him · the lines and

boundaries which were inserted in the judgment, with intent to defraud the plaintiff in this suit, defendant in that case, of land which was not included in the compromise, or intended by the parties to be covered by the consent judgment. That the counsel of M. L. Wike innocently stated to this plaintiff's counsel, who was not present when the judgment was drawn, that it was correctly drawn according to the agreement, believing that this had been done, and the judgment was accordingly entered by the court. That M. L. Wike has since died, and defendants, his heirs, though requested to do so, both by their own counsel and this plaintiff, have refused to correct said judgment so as to make it conform to the true agreement, and still refuse to do so, and that by reason thereof the judgment now embraces about five or six times more land than was intended by the parties to be conveyed to M. L. Wike. The prayer is that the judgment be vacated and set aside and for damages.

Defendants demurred on the following grounds:

1. This suit was brought nearly six years after the rendition of the judgment.

2. It was a consent judgment and duly and regularly signed by the attorneys and the presiding judge.

3. That plaintiff cannot bring an independent action to set aside the judgment, but should have proceeded in the cause.

4. That there is no allegation that there was any false representation or fraud practiced by M. L. Wike at the time the consent judgment was signed by counsel of the parties and the presiding judge, and that the allegation that the judgment was fraudulently obtained is an unauthorized conclusion from the facts stated.

The court sustained the demurrer, and plaintiff appealed.

*J. J. Hooker for plaintiff.*
*J. Frank Ray and Moore & Moore for defendant.*

WALKER, J., after stating the case: We will consider the grounds of demurrer in the order stated.

First. The statute of limitations cannot be pleaded in a demurrer, but must be taken advantage of only by answer, by express provision of the statute, Revisal, sec. 360. In *Bacon v. Berry*, 85 N. C., 125, the defendant demurred because more than seven years had elapsed since the rendition of the judgment when the suit was commenced, which is identical with the matter pleaded here. The Court held (by *Ashe, J.*) that "It was, in fact, a plea of the statute of limitations, which must be set up in the answer, it being an objection that can never be taken by demurrer," citing *Green v. R. R.*, 73 N. C., 524. If the facts are admitted, the court may pass on the question of the bar, as in *Ewbank v. Lyman, ante,* 505. It was held in *Long v. Bank,* 81 N. C., at p. 46,

that even if the statutory bar is apparent on the face of the complaint, it could not be pleaded except by answer, and not by demurrer or motion to dismiss. The same was held in *Oldham v. Rieger,* 145 N. C., at p. 259, and the reason why such a thing cannot be done is fully stated, in addition to the positive requirement of the statute as the best of reasons, and a demurrer alleging that time had elapsed was in that case characterized as a "speaking demurrer," that is, one not addressed to the statements of the complaint alone, but calling in aid extraneous facts, which is forbidden by the law of pleading. See, also, Pell's Revisal, sec. 361, at p. 141, and note, where the numerous cases are collected.

Second. It makes no difference that the alleged fraud was not repeated when the judgment was actually signed, for it is to be taken as having continued from the date of its origin down to that time, and to be then operating upon the party, there being no allegation to the contrary. If it caused the plaintiff's attorney in that action to sign the judgment, in ignorance of its existence, it matters not when the fraud was committed. Black on Judgments, sec. 321.

Third. When a cause is closed by a final judgment, a proper remedy is to proceed by an independent civil action to set it aside if it was procured by fraud. 23 Cyc., 917, 918; Black on Judgments, sec. 368, 370, 371; *Rollins v. Henry,* 78 N. C., 342; *Uzzle v. Vinson,* 111 N. C., 138; *Sharpe v. R. R.,* 106 N. C., 308 (19 Am. St. Rep., 533); *Syme v. Trice,* 96 N. C., 243; *Fowler v. Poor,* 93 N. C., 466. And this rule applies to judgments by consent, 16 Cyc., 502, and notes; Black on Judgments, sec. 319; *Kerchner v. McEachern,* 93 N. C., 447; *Bank v. McEwen,* 160 N. C., 414; *Rollins v. Henry* and other authorities *supra.* It was said in *McEachern v. Kerchner,* 90 N. C., 177, 179: "If a party to such a judgment complains of it because of inadvertence, mistake, accident, or fraud in the agreement to have it entered of record, he can have redress only by consent of all the parties, or by an action instituted for that purpose, making all proper parties, independent of the action in which such judgment was entered. In such independent action he can allege and set forth such grounds of complaint against such judgment as he may have, and the court can grant such relief as he may be entitled to."

Whether the plaintiff could, at his election, have proceeded by motion in the cause, even after final judgment entered, we need not discuss, as the remedy by a separate civil action is a proper one. We will direct attention, though, to the cases of *Roberts v. Pratt,* 152 N. C., 731; *Massie v. Hainey,* 165 N. C., 174, where the question is fully considered by *Justice Hoke,* and to *Bank v. McEwen,* 160 N. C., 414. A party can undoubtedly proceed by motion where the fraud is practiced upon the court. *Roberts v. Pratt, supra.*

ROBINSON *v.* B. OF L. F. AND E.

Fourth. The plaintiff alleges facts which constitute a fraud upon him in procuring the judgment to be signed and entered of record. M. L. Wike knew the boundaries of the land which the parties had agreed should be inserted in the judgment, and he, with intent to deceive and mislead his own attorney and thereby to defraud the plaintiff, deliberately and falsely dictated other boundaries and another description to his counsel, so that the judgment would embrace 10 or 12 acres instead of about 2 acres. Fraud has been said to consist in one man's endeavoring by deception or circumvention to alter the general or particular rights of another. 1 Bigelow on Fraud (Ed. 1890), p. 5. This case falls within the definition, as the defendant's ancestor committed an act of deceit for the purpose of misleading and circumventing the plaintiff, so that his rights would be altered by his being led to do something different from the agreement of the parties. The demurrer, of course, admits all the facts alleged in the complaint, and our decision is based upon that admission. There was error in sustaining the demurrer.

Reversed.