ROBERT H. COLEMAN v. ERNEST E. WHISNANT ET AL.

(Filed 10 April, 1946.)

1. **Pleadings § 15: Trial § 21—**

A demurrer to the pleadings, G. S., 1-127, and a demurrer to the evidence, G. S., 1-183, are different in purpose and effect; the first challenges the sufficiency of the pleadings, and the second the sufficiency of the evidence.

2. **Contracts § 5: Seals § 4—**

At common law, which still obtains in this jurisdiction, instruments under seal are generally held to be good as against a plea by one of the parties of no consideration, because the seal imports consideration or renders it unnecessary.

3. **Contracts § 5—Contract held supported by valid consideration and nonsuit on plea of nudum pactum was without error.**

Plaintiff and defendants executed a contract relating to patent devices invented by plaintiff. Plaintiff instituted this action attacking the contract on the ground of want of consideration. The contract was under seal and recited a consideration of one dollar and other valuable considerations and also recited money furnished by defendants to perfect invention and promise to bear expense of obtaining patent, sale and assignment of one-fourth interest in the invention to each of the two defendants, and granted free use of the invention in manufacturing processes in defendants' mill. The contract also contained mutual promises relating to sale, lease or use of the patent by others without written consent of all the parties, and agreement to share any moneys derived from the sale or licensing of the invention. The only evidence offered by plaintiff on the question of consideration was to the effect that the dollar recited in the contract had not been paid, and that even if it had, it was inadequate, and

this evidence was excluded. *Held:* The fact that the contract was under seal, without suggestion that it was not intended to be under seal, and the contractual recitations therein afford sufficient consideration to support the contract, and defendants' motion for judgment as of nonsuit was properly allowed.

**4. Evidence § 39—**

Recitations of a contractual nature in a written instrument may not be contradicted or varied by parol.

**5. Appeal and Error § 51a—**

Where it is determined on appeal that plaintiff's recovery is dependent upon his showing want of consideration to support the contract involved in the litigation, judgment of nonsuit upon the subsequent trial upon failure of proof on the issue by plaintiff, conforms to the law of the case.

APPEAL by plaintiff from *Phillips, J.,* at January Term, 1946, of CATAWBA.

Civil action to recover (1) royalties upon the use by defendants in their hosiery mill of patent devices, invented by the plaintiff, and (2) damages for wrongful interference with plaintiff's use of his invention.

From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning errors.

*John C. Stroupe, W. H. Strickland, and Paul B. Eaton for plaintiff, appellant.*

*Joseph L. Murphy, Bailey Patrick, John W. Aiken, and S. J. Ervin, Jr., for defendants, appellees.*

STACY, C. J. The case was here at last term, 225 N. C., 494, 35 S. E. (2d), 647, on demurrer to plaintiff's pleadings, complaint and reply. G. S., 1-127. It is here now on demurrer to the evidence. G. S., 1-183. The two are different in purpose and result; the one challenges the sufficiency of the pleadings, the other the sufficiency of the evidence. *Montgomery v. Blades,* 222 N. C., 463, 23 S. E. (2d), 844; *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108.

It was held on the former appeal that the contract executed by plaintiff on 3 October, 1939, and later assignments constitute "a barrier which he must surmount in order to proceed with his action." He assails the contract as being without consideration, *nudum pactum,* and consequently unenforceable as to him. *Hatcher v. Odom,* 19 N. C., 302.

The contract is under seal and recites a consideration of "$1.00 and other valuable considerations." Mutual promises are also recited in the contract and later assignments. It is conceded that the defendants have complied with their part of the agreement. *Exum v. Lynch,* 188 N. C., 392, 125 S. E., 15; *Mfg. Co. v. McCormick,* 175 N. C., 277, 95 S. E., 555.

The plaintiff offered to show that the $1.00, recited in the contract, was never paid to him, and even if it had been, it was inadequate. *Knott v. Cutler,* 224 N. C., 427, 31 S. E. (2d), 359. This was the whole of his evidence on the subject. It was excluded, and plaintiff assigns error. The exception appears untenable.

In the first place, the contract is under seal. At the common law, which still obtains in this jurisdiction, instruments under seal are generally held to be good as against a plea by one of the parties of no consideration, because the seal imports consideration or renders it unnecessary. *Thomason v. Bescher,* 176 N. C., 622, 97 S. E., 654, 2 A. L. R., 626. "A bond needs no consideration. The solemn act of sealing and delivering is a *deed, a thing done,* which, by the rule of the common law, has full force and effect, without any consideration. *Nudum pactum* applies only to simple contracts." *Harrell v. Watson,* 63 N. C., 454. There is no suggestion that the contract was not intended to be under seal. *Allsbrook v. Walston,* 212 N. C., 225, 193 S. E., 151; *Williams v. Turner,* 208 N. C., 202, 179 S. E., 806.

Secondly, the instrument recites "other valuable considerations." *Fawcett v. Fawcett,* 191 N. C., 679, 132 S. E., 796. These include (1) recital of money furnished by defendants to perfect invention and promise on their part to bear expense of obtaining patent; (2) sale and assignment of one-fourth interest in the invention to each of the defendants, Ernest E. and Clarence L. Whisnant; (3) grant of a free license to the defendants to use the device in the manufacture of hosiery in their mill; (4) covenant to refrain from leasing to others or disposing of any interest in the invention "without the unanimous consent of all parties to this agreement"; (5) agreement to share equally in any moneys derived from a sale of the invention or from any licenses granted to others for its use; and (6) stipulation that invention shall not be used by anyone other than the defendants at their mill in Hickory "except by the written consent of all the parties to this agreement." These recitals are contractual in nature and may not be contradicted or varied by parol. *Ins. Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606; *Samonds v. Cloninger,* 189 N. C., 610, 127 S. E., 706; *Parker v. Morrill,* 98 N. C., 232, 3 S. E., 511; Anno. 100 A. L. R., 17, *et seq.;* 22 C. J., 1171-1172. Additionally, then, they may be said to afford sufficient consideration to support the contract. *Institute v. Mebane,* 165 N. C., 644, 81 S. E., 1020; *Basketeria Stores v. Indemnity Co.,* 204 N. C., 537, 168 S. E., 822; *Warren v. Bottling Co.,* 204 N. C., 288, 168 S. E., 226.

Having failed to surmount the barrier which was pointed out on the former appeal, the ruling of the trial court that plaintiff may not "proceed with his action" conforms to the law of the case. *Harrington v.*

*Rawls,* 136 N. C., 65, 48 S. E., 571; *S. v. Williams,* 224 N. C., 183, 29 S. E. (2d), 744.

The judgment of nonsuit will be upheld.

Affirmed.