ELLA MAE LEWIS v. DR. W. T. SHAVER.

(Filed 19 November, 1952.)

**1. Physicians and Surgeons § 11½—**

Evidence tending to show that a surgeon was authorized only to remove an ovarian cyst and that he removed the ovary and ligated the Fallopian tubes, rendering the patient sterile, is sufficient to make out a case of technical assault or trespass upon the person of the patient.

**2. Trial § 21—**

An order overruling demurrer does not preclude motion for judgment as in case of nonsuit upon the trial, since the demurrer tests the sufficiency of the pleadings, G.S. 1-127, while the motion to nonsuit tests the sufficiency of the evidence, G.S. 1-183, and the two are dissimilar in purpose and effect.

**3. Limitation of Actions § 15—**

Statutes of limitation cannot be taken advantage of by demurrer but only by answer. G.S. 1-15.

**4. Same—**

Plaintiff's right to prosecute his cause is not barred unless and until the appropriate statute of limitations is expressly pleaded, even though upon the pleading of the statute the burden is on plaintiff to show that his action was instituted within the time allowed by the statute.

**5. Limitation of Actions § 5a—**

Statutes of limitation begin to run against a tort from the time the tort is committed with the sole exception of torts grounded on fraud or mistake. G.S. 1-15, G.S. 1-52 (9).

**6. Limitation of Actions § 5b—**

Mere lack of knowledge of the facts constituting a cause of action in tort, in the absence of fraudulent concealment of the facts by the tort-feasor, does not postpone the running of the statute.

**7. Same: Physicians and Surgeons § 11½—Plaintiff's evidence held to negate contention that facts constituting cause were fraudulently concealed.**

In this action against a surgeon for a technical assault in performing an operation beyond the scope of the one authorized some seven years prior to the institution of the action, plaintiff alleged that she did not discover the facts until shortly before instituting suit, and also that defendant fraudulently concealed and withheld from plaintiff knowledge of the extent of the operation performed by him. Plaintiff's own evidence disclosed that she did not see or consult with the surgeon in respect to her condition or the operation after it had been performed. *Held:* There being no evidence of fraudulent concealment, plaintiff's cause is barred by the three-year, G.S. 1-52 (5), if not the one-year, G.S. 1-54 (3), statute of limitations.

APPEAL by plaintiff from *Clement, J.,* April Term, 1952, MONTGOMERY. Affirmed.

Civil action to recover damages resulting from an alleged unauthorized operation.

On 31 August 1944 defendant performed an operation on plaintiff, removing an ovary and tying her Fallopian tubes. The evidence tends to show that she went to the hospital for the removal of a cyst on one of her ovaries; that she was not informed that her ovary was to be removed or her Fallopian tubes tied; and she never consented to such an operation. After leaving the hospital, plaintiff consulted several other physicians about pains in her side and inquired as to why she could not have any more children. Finally, in 1951 she consulted Dr. Welton. She then went to the Montgomery Hospital where another operation was performed by him. He discovered that one of her ovaries had been removed and her tubes were blocked. Thereafter, on or about 29 October 1951, defendant told Dr. Welton he had tied plaintiff's Fallopian tubes when he operated on her in 1944. After plaintiff left the hospital in Albemarle she never consulted defendant or inquired of him as to the nature of his operation or why she could not have children although he lived within twenty-four miles of her residence.

Summons in this action was issued 29 August 1951 and defendant, in his answer, after denying the material allegations in the complaint, specifically pleads the one-year and the three-year statutes of limitations.

At the conclusion of plaintiff's evidence the court, on motion of defendant, dismissed the action as in case of nonsuit, and plaintiff appealed.

*David H. Armstrong for plaintiff appellant.*
*J. Laurence Jones and John H. Small for defendant appellee.*

BARNHILL, J. The evidence considered in the light most favorable to plaintiff is sufficient to make out a *prima facie* case of technical assault

or trespass upon the person of plaintiff. Therefore, the one question posed for decision is this: Is plaintiff's cause of action barred by the one-year, G.S. 1-54 (3), or the three-year, G.S. 1-52 (5) statute of limitations? We are constrained to answer in the affirmative.

The defendant demurred for that it appears upon the face of the complaint that plaintiff's alleged cause of action is barred by the one-year and the three-year statutes of limitations. The demurrer was overruled. Even so, the order overruling the demurrer was not binding on the trial court on the motion for judgment as in case of nonsuit.

A demurrer to a complaint, G.S. 1-127, and a demurrer to the evidence, G.S. 1-183, are different in purpose and result. One challenges the sufficiency of the pleadings, the other the sufficiency of the evidence. *Smith v. Sink,* 211 N.C. 725, 192 S.E. 108; *Law v. Cleveland,* 213 N.C. 289, 195 S.E. 809; *Montgomery v. Blades,* 222 N.C. 463, 23 S.E. 2d 844; *Coleman v. Whisnant,* 226 N.C. 258, 37 S.E. 2d 693.

Furthermore, the demurrer on the grounds assigned was an improper and unwarranted pleading. The statutes of limitations can never be taken advantage of by demurrer. *Guthrie v. Bacon,* 107 N.C. 337; *Bacon v. Berry,* 85 N.C. 124; *King v. Powell,* 127 N.C. 10; *Oldham v. Rieger,* 145 N.C. 254; *Logan v. Griffith,* 205 N.C. 580, 172 S.E. 348. "The objection that the action was not commenced within the time limited can only be taken by answer." G.S. 1-15.

Although the plea of a statute of limitations in bar of plaintiff's right to recover places the burden on plaintiff to show that the action was instituted within the time allowed by the pleaded statute, *Allsbrook v. Walston,* 212 N.C. 225, 193 S.E. 151; *Muse v. Muse, ante,* 182, there is no time limitation on the right of such plaintiff to prosecute his cause until and unless the statute is expressly pleaded in the answer.

Plaintiff stressfully contends, however, that in any event she did not ascertain that the alleged tort upon which she relies had been committed until she consulted Dr. Welton in 1951, and that the statute began to run as of that date. But the statute itself fixes the date upon which the statutes began to run. "Civil actions can only be commenced within the periods prescribed in this chapter, after the cause of action has accrued, except where in special cases a different limitation is prescribed by statute." G.S. 1-15. And the only "special case" in respect to torts "where a different limitation is prescribed by statute" is contained in the three-year statute, G.S. 1-52. This "different limitation" relates only to actions grounded on allegations of fraud or mistake. G.S. 1-52 (9). Consequently it has no application here.

Furthermore, we have heretofore expressly held that lack of knowledge on the part of plaintiff does not suspend the statute. *Gordon v. Fredle,* 206 N.C. 734, 175 S.E. 126.

The plaintiff in her amended complaint alleges that defendant "wrongfully, knowingly, fraudulently and unlawfully concealed and withheld from the plaintiff the fact that he had ligated . . . both Fallopian tubes and thereby completely and permanently rendered the plaintiff sterile . . . which this plaintiff did not and could not . . . have discovered except as herein alleged." She now contends that the alleged fraudulent concealment suspended the statute which, under the circumstances, began to run on the day in 1951 she actually ascertained the facts.

On the questions whether (1) the lack of knowledge of a cause of action postpones the commencement of the period of limitation until the facts are discovered, 34 A.J. 186, or (2) the fraudulent concealment of the facts constitutes an implied exception to the statutes of limitations, postponing the commencement of the running of the statute until discovery or opportunity to discover the facts, the courts are divided in opinion. See cases cited in 34 A.J. 186, n. 17, and p. 188, n. 13.

As stated, our statute fixes the commencement date of our statutes of limitations, and this Court has already adopted the majority view that the mere lack of knowledge of the facts constituting a cause of action does not postpone the running of the statute. *Gordon v. Fredle, supra.*

Whether the fraudulent concealment of the facts by the tort-feasor constitutes an implied exception to the statute, notwithstanding its express language, we need not now decide for the reason plaintiff offered no evidence to support her allegation of fraudulent concealment. Indeed, she testified the only time she saw the defendant was in the operating room, that he did not visit her in the hospital either before or after the operation, and she did not thereafter consult him about her condition or the operation he performed.

Since the alleged tort was committed in 1944 and summons in this action was issued 25 August 1951, the plaintiff's cause of action is barred by the three-year, G.S. 1-52 (5), if not the one-year, G.S. 1-54 (3), statute of limitations. Therefore the judgment dismissing the action as in case of nonsuit is

Affirmed.