IREDELL COUNTY AND CITY OF STATESVILLE, N. C. v. ADOLPH CRAW-
FORD, ADMINISTRATOR OF THE ESTATE OF ADOLPH CRAWFORD; MRS.
MARTHA CRAWFORD; LUCILLE THOMPSON, JAMES CRAWFORD,
MAE HANCOCK, ROSA LEE ROSEBORO; BESSIE GRAY AND JAMES
R. WALKER, JR.

(Filed 4 November, 1964.)

**1. Appeal and Error § 47—**

It cannot be determined whether appellant is prejudiced by the denial
of his motion to be allowed to file an amendment to the answer when the
purpose or content of the amendment does not appear.

**2. Appeal and Error § 19—**

An exception must be assigned as error in order to present the question
for review.

**3. Limitation of Actions § 16—**

A statute of limitations cannot be taken advantage of by demurrer or
by motion to bar the action, but may be properly invoked only by answer.
G.S. 1-15.

**4. Same; Taxation § 39—**

A defendant in a tax foreclosure suit cannot avail himself of the ten
year statute of limitations set forth in G.S. 105-422 when he does not plead
the statute in his answer.

**5. Appeal and Error § 1—**

Ordinarily, the Supreme Court will not pass on constitutional questions
unless they are squarely presented, and where defendant does not attack
in his answer the constitutionality of a statutory exception, and, further,
the determination of the constitutionality of the exception would not affect
the judgment below, the constitutional question will not be decided.

APPEAL by defendant James R. Walker, Jr., from *Walker, S. J.,*
March Session 1964 of IREDELL.

This is a civil action to foreclose tax liens upon real estate and to
sell the real estate for taxes due the County of Iredell and the City of
Statesville as authorized by G.S. 105-414.

This action was instituted on 30 June 1962 and the complaint was
filed on said date, and the summons, together with a copy of the com-
plaint, was served on defendant Walker on 12 July 1962.

The taxes in default, as set out in the complaint, due the County of
Iredell, were for taxes levied for the years 1945 through 1955 and for
the year 1961. The taxes in default due the City of Statesville, as set
out in the complaint, were for taxes levied for the years 1937 through
1955.

Defendant Walker filed answer on 17 December 1962, and at no time has said defendant pleaded the ten-year statute of limitations as a bar to the relief sought, or any part thereof.

On 14 October 1963, the appellant filed a motion in bar to said action in which he sought to have the action abated as to all taxes levied prior to 29 June 1952. Thereafter, on 2 December 1963, the appellant filed a supplemental motion to bar the action on the ground that G.S. 105-422 is void and unconstitutional as being in conflict with Article II, Section 29 of the Constitution of North Carolina, which prohibits the passing of "any local, private, or special act * * * extending the time for the assessment or collection of taxes * * *." These motions were heard by the Presiding Judge at the December Session 1962 of the Superior Court of Iredell County and were denied. Appellant excepted.

It appears from the record that when this cause came on for hearing at the March Session 1964 of the Superior Court of Iredell County, "defendant, James R. Walker, Jr., in open court, submitted to judgment being entered, based on the complaint filed in this action."

Judgment was entered as prayed for by the plaintiffs and a commissioner appointed to sell the lands involved.

The appellant, James R. Walker, Jr., appeals, assigning error.

*Collier, Harris & Collier, and Marvin V. Bondurant for plaintiff appellees.*

*Samuel S. Mitchell, T. H. Wyche, Charles V. Bell, James R. Walker, Jr., for defendant appellant.*

DENNY, C.J. The appellant seeks to challenge the validity of the exemption contained in G.S. 105-422 on the ground that the exemption of Iredell and thirty-four other counties from the provision of the statute makes the exemption unconstitutional. He contends that such exemption violates Article II, Section 29 of the Constitution of North Carolina, which prohibits the General Assembly from passing "any local, private, or special act * * * extending the time for the assessment or collection of taxes * * *."

G.S. 105-422, in pertinent part, reads as follows: "No action shall be maintained by any county or municipality to enforce any remedy provided by law for the collection of taxes or the enforcement of any tax liens held by counties and municipalities whether such taxes or tax liens are evidenced by the original tax books or tax sales certificates or otherwise, unless such action shall be instituted within ten years from the time such taxes became due: Provided, that as to tax foreclosure actions which under existing laws are not and will not be barred prior to

December 31st, 1948, foreclosure actions may be instituted thereon prior to December 31st, 1948: Provided, further, that this section shall not be construed as applying to the liens for street and/or sidewalk improvements; and provided further, that this section shall not be applicable to any pending tax foreclosure actions." (Iredell and thirty-four other counties were originally exempted from the provisions of the act.)

Chapter 885 of the Session Laws of North Carolina, 1961, removed Iredell County from the exemption provision of the above statute and provided that it should be subject thereto from and after 1 July 1962.

The appellant contends that all taxes levied on the appellant's property prior to 29 June 1952 are barred by the ten-year statute of limitations on the ground that the exemption in G.S. 105-422, purporting to exempt Iredell and thirty-four other counties from the ten-year statute of limitations provision therein, is void and unconstitutional.

Ordinarily, we do not pass upon constitutional questions unless they are squarely presented. Here, the appellant has not pleaded the ten-year statute of limitations, nor has he attacked the constitutionality of G.S. 105-422, nor any of its provisions in his answer.

It does appear, however, in the findings by Walker, S. J., in his judgment entered below, that appellant filed an answer in apt time, that he filed a motion to bar action, a supplemental motion to bar action, and a motion to amend further answer, all of which were denied, and that the appellant entered an exception to each denial. However, the record does not set out the purpose or content of any proposed amendment to the further answer. Furthermore, the exception to such denial has not been preserved by bringing it forward and assigning it as error. This Court has repeatedly said that the statute of limitations cannot be taken advantage of by demurrer but only by answer. G.S. 1-15; *Elliott v. Goss*, 250 N.C. 185, 108 S.E. 2d 475; *Reid v. Holden*, 242 N.C. 408, 88 S.E. 2d 125; *Lewis v. Shaver*, 236 N.C. 510, 73 S.E. 2d 320; *Moody v. Wike*, 170 N.C. 541, 87 S.E. 350; *Oldham v. Rieger*, 145 N.C. 254, 58 S.E. 1091; *King v. Powell*, 127 N.C. 10, 37 S.E. 62; *Albertson v. Terry*, 109 N.C. 8, 13 S.E. 713; *Randolph v. Randolph*, 107 N.C. 506, 12 S.E. 374; *Guthrie v. Bacon*, 107 N.C. 337, 12 S.E. 204; *Bacon v. Berry*, 85 N.C. 124; *Long v. Bank*, 81 N.C. 41; *Green v. N. C. Railroad Co.*, 73 N.C. 524.

A statute of limitations is not available as a defense or bar to an action unless pleaded, nor can it be raised, ordinarily, by motion to dismiss. *Reid v. Holden, supra; Oldham v. Rieger, supra*.

In view of the failure of the appellant to plead the ten-year statute of limitations in his answer, or to attack in his answer the provisions

of G.S. 105-422, the statute he seeks to have declared unconstitutional, we hold the constitutional question has not been properly presented. Moreover, any decision we might render with respect to the validity of the statute complained of, could have no bearing on the judgment entered below.

The judgment of the court below is

Affirmed.