Nash, C. J.
 

 It is a well-established principle that a bailee cannot, while the bailment still subsists, deny the title of his bailor or of any one claiming under him. This principle was, however, improperly applied in this case. The defendant did not deny the right of Cook, his bailor, but in fact affirmed it. When applied to by the plaintiff for the wagon to whom Cook had sold it, he refused to deliver it to him, because Cook, before he sold it to the plaintiff, had mortgaged it to one Da
 
 *488
 
 venport to secure a debt which he owed one Jones, and for the payment of which, we presume, he, the defendant, was bound as surety. In refusing to deliver to the plaintiff for the reason assigned, he was affirming the right of Cook. Davenport had never taken the wagon into his possession, but left it with the defendant, with notice of his claim. A demand and refusal, where an article is bailed, is not a conversion, but simply evidence of it; and the refusal here sufficiently explains the conduct of the defendant and does not make him a wrong-doer.
 

 It is unnecessary to refer to authorities to support these positions. The principle announced by his Honor was perfectly correct, but was misapplied. Both parties claimed under Cook, and the defendant, who held for Davenport the trustee, had the better title.
 

 Pee Curiam.
 

 Judgment reversed, and a
 
 mnvre de novo
 
 awarded.