CARRIE GORDON v. JOHN FREDLE AND DOCK VAUGHN.

(Filed 20 June, 1934.)

**Limitation of Actions B b—Ignorance that defendants were authors of slander does not affect running of statute of limitations.**

An action for slander begun more than six months after the publication of the alleged defamatory words is barred by the statute of limitations, C. S., 444, the right of action accruing from the date of publication, regardless of the fact that it is begun within six months from the discovery by plaintiff that defendants were the authors thereof.

APPEAL by plaintiff from *Shaw, Emergency Judge,* at January Term, 1934, of SURRY. Affirmed.

This is an action to recover damages for slander. The defendants, in their answer, deny the allegation in the complaint that they published the defamatory words as alleged therein, and plead the six months statute of limitations.

The evidence for the plaintiff tended to show that during the year 1923 or 1924, the defendant, Dock Vaughn, at the request of the defendant, John Fredle, wrote and addressed to the husband of the plaintiff, letters containing the defamatory words alleged in the complaint; and that these letters were received by the husband of the plaintiff through the mail. The letters were anonymous and were read to the plaintiff and her husband, who are unable to read, by their son. The plaintiff was deeply distressed when her son read the defamatory words contained in the letters, and was greatly humiliated by the false charge made against her. She did not discover that the defendants were the authors of the letters received by her husband, until some time in December, 1928. This action was begun on 29 February, 1929.

At the close of the evidence for the plaintiff, upon the intimation of the court, that on the facts shown by all the evidence, he would instruct the jury that the action having been begun more than six months after the cause of action alleged in the complaint accrued, was barred by the statute of limitations.

The plaintiff excepted, submitted to a judgment of nonsuit and appealed to the Supreme Court.

*E. C. Bivens and Carter & Carter for plaintiff.*
*Folger & Folger and W. R. Badgett for defendants.*

CONNOR, J. The cause of action alleged in the complaint accrued at the date of the publication of the defamatory words, which the plaintiff contends are actionable *per se.* 37 C. J., 17; 17 R. C. L., 372.

All the evidence shows that the said defamatory words were published in 1923 or 1924, and that the action was begun on 19 February, 1929. The action was not begun within six months after the cause of action accrued, and for that reason is barred by the statute of limitations. C. S., 444.

It is immaterial that the action was begun within six months after the plaintiff discovered that defendants were the authors of the letters containing the defamatory words. *Blount v. Parker,* 78 N. C., 128, *Fox v. Wilson,* 48 N. C., 486. There is no provision in the statute that an action for slander can be maintained if begun within six months from the date of the discovery by the plaintiff that the defendant was the author of the slander, where the slanderous words were uttered or published more than six months prior to the commencement of the action. There was no error in the judgment of nonsuit. The judgment is

Affirmed.