EWELL G. PEARCE v. THE NORTH CAROLINA STATE HIGHWAY PATROL VOLUNTARY PLEDGE COMMITTEE, CAPT. O. R. McKINNEY, AND CAPT. E. D. YOUNG

No. 824SC1028

(Filed 20 September 1983)

1. Associations § 2— action to recover association benefits—statute of limitations

A claim for breach of contract by the Highway Patrol Voluntary Pledge Fund Committee to pay disability benefits accrued on 18 December 1978 when the Fund Committee denied benefits to plaintiff, not when a Patrol Lieutenant earlier told plaintiff he was not eligible for benefits, and not at the end of the 30 days within which the benefits were payable after plaintiff's retirement. Therefore, the three-year statute of limitations of G.S. 1-52(1) was met by plaintiff's filing of an action on 18 December 1981.

2. Associations § 2— Highway Patrol Voluntary Pledge Fund—entitlement to disability benefits

Under a Highway Patrol Voluntary Pledge Fund contract providing that benefits would be paid to any member who retires on disability provided he "is receiving disability benefits under the Federal Social Security Law," the reference to Social Security was not intended to mean only permanent benefits, and the relevant date for receipt of Social Security benefits was plaintiff's retirement date, not the date when the Fund Committee made its final decision on plaintiff's benefits.

Judge BRASWELL dissenting.

APPEAL by defendants from *Stevens, Judge.* Judgment entered 13 August 1982 in Superior Court, SAMPSON County. Heard in the Court of Appeals 25 August 1983.

The plaintiff seeks benefits from the Highway Patrol Voluntary Pledge Fund Committee in this action.

On 23 February 1973, the plaintiff became a member of the Fund. Under the contract that he signed, he agreed to pay $10 to each uniformed member of the Patrol who becomes eligible for benefits. In consideration of signing the contract, the plaintiff became eligible for the same benefits.

Paragraph six of the Fund contract signed by the plaintiff provided that benefits were "[t]o be paid to any member that retires on disability provided; he has qualified and is receiving disability payments under the Federal Social Security Law."

While on duty as a member of the Patrol, the plaintiff was injured on 2 July 1973. As a result, his left leg was amputated on 20 February 1975. He retired on disability on 30 June 1975.

Based on an agreement reached with the Patrol prior to his retirement, the plaintiff began work as a Patrol telecommunicator on 1 July 1975. Prior to his retirement, the plaintiff was informed by Patrol Lieutenant J. S. Powell that he was not eligible to receive benefits from the Fund.

On 25 July 1978, the plaintiff requested a hearing before the Fund Committee. The hearing occurred on 15 December 1978 and benefits were denied in an 18 December 1978 letter from Patrol Captain O. R. McKinney, the Fund Committee Chairman. This action was filed in Superior Court on 18 December 1981.

After denial of summary judgment motions by both parties, this case was decided on affidavits by stipulation of the parties. The trial judge held that the plaintiff's claim was not barred by the statute of limitations and that he was entitled to receive $10 from each person who was a member of the Fund on 1 July 1975. From that judgment, the defendants appealed.

*Warrick, Johnson & Parsons, by Dale P. Johnson, for plaintiff-appellee.*

*Attorney General Edmisten, by Special Deputy Isaac T. Avery, III, for defendant-appellants.*

ARNOLD, Judge.

[1]  Under G.S. 1-52(1), the statute of limitations for breach of contract is three years. It does not begin to run until the contract is breached and the alleged cause of action accrues. *City of Reidsville v. Burton,* 269 N.C. 206, 211, 152 S.E. 2d 147, 152 (1967).

This action is timely because it was filed three years after the Fund notified the plaintiff's attorney that benefits would be denied. That action was the administrative determination that gave the defendants right of appeal to this Court. A mere opinion in 1975 by Lieutenant Powell that the plaintiff would not be eligible for benefits is not enough to make this cause of action accrue.

We also reject the defendants' argument that this action accrued 30 days after the plaintiff retired. That contention is based on paragraph seven, which says that benefits are payable thirty days after retirement. It ignores the fact, however, that benefits were not finally denied until the Fund's decision on 18 December 1978.

The defendants argue that the plaintiff is estopped from obtaining benefits because he made no formal request to grant benefits to two Fund members who were disabled and declared ineligible in 1974 for the same reason as the plaintiff. We find this argument unpersuasive.

The plaintiff was not a member of the Fund Committee and had no influence on the denial of benefits to the two other members. Mere inaction when there was nothing the plaintiff could do for the two members does not bar his recovery. In fact, a 12 February 1982 affidavit of the plaintiff shows that he thought in 1976 that troopers in situations similar to his were being paid Fund benefits.

[2]  Finally, the defendants contend that paragraph six's reference to Social Security was intended to mean permanent benefits. They also argue that the relevant time for receiving benefits was when the Fund made a final decision in 1978 and point to the 1977 revision to the Fund contract that explicitly excludes retroactive payments. We reject these contentions.

Principles stated in *Bray v. N.C. Police Voluntary Benefit Ass'n,* 258 N.C. 419, 128 S.E. 2d 766 (1963), help us to resolve the

defendants' arguments. In affirming a finding that the plaintiff was entitled to retirement benefits under the Association's rules and regulations, the Court in *Bray* said:

> The constitution, by-laws, rules and regulations of a beneficial association operate as a contract and should be reasonably and liberally construed to effectuate the benevolent purpose of the association and the manifest intention of the parties. That construction must be put on the by-laws and rules of the association, taken as a whole, which is most favorable to the members.

258 N.C. at 423, 128 S.E. 2d at 769.

Under this rule of construction, paragraph six is naturally interpreted to mean that the relevant date for receipt of Social Security is 30 June 1975, the plaintiff's retirement date. He was receiving Social Security payments on that date.

As for the argument that paragraph six means only permanent Social Security benefits, the plain and unambiguous language of the Fund contract provides no such reading.

Affirmed.

Judge WEBB concurs.

Judge BRASWELL dissents.

Judge BRASWELL dissenting.

I respectfully dissent because it appears unequivocally as a matter of law from the complaint, contract, pretrial order, and all the other documents of record, that the three-year statute of limitations, G.S. 1-52(1), had run before the plaintiff filed his lawsuit in the Superior Court upon a claim of breach of contract.

The undisputed facts show a contract entered into on 23 February 1973. By the terms of paragraph six, money benefits were:

> To be paid to any member that retires on disability provided; he has qualified and is receiving disability payments under the Federal Social Security Law.

By the terms of paragraph seven:

The payments herein pledged are to be made within thirty (30) days of the . . . retirement of the member . . . .

The plaintiff received personal injuries in the line of duty in an automobile accident which resulted in his left leg being amputated on 20 February 1975. The plaintiff retired on disability on 30 June 1975. The Federal Social Security Administration found the plaintiff eligible and qualified for its benefits from 2 July 1973 through 31 December 1976. This lawsuit was filed on 18 December 1981. Applying these uncontroverted facts to the terms of the contract, I would hold that the payment to plaintiff should have been made within 30 days of his retirement. No payment was made. By 1 August 1975 the plaintiff knew the contract would not be performed. Nonperformance is a breach of contract which tolls the running of the statute of limitations. The plaintiff waited approximately 5 years and 6 months to file his action, and, therefore, it is barred by law.

Other facts show that on 25 July 1978 plaintiff requested a hearing before the Voluntary Pledge Committee seeking benefits. On 18 December 1978, after a meeting on 15 December 1981 in which the plaintiff testified, the Pledge Committee denied any benefit or relief to plaintiff. As I read the majority opinion it is this date of denial by the Committee which began the running of the statute of limitations. The action was filed in Superior Court on 18 December 1981, which is the last day of the 3 years from 18 December 1978. This position in my view overlooks the 5½ years of known nonperformance.

There was no contractual duty to have a hearing, such as the one in December 1978, before filing the suit in Superior Court. Also, no administrative hearing to determine benefit eligibility was required because neither the contract nor the defendants come under the provisions of the Administrative Procedure Act, G.S. 150A-1 *et seq.* All the law required of this plaintiff in order to enforce the performance of this contract was to file his claim in court within three years. It is beyond our powers to inquire into how deserving the plaintiff may be or into whether the right or wrong conclusion was reached in the December 1978 Pledge Committee meeting. Likewise, it becomes immaterial and unnecessary for us to consider the defendants' other exceptions and assignments of error, such as, whether the North Carolina State

Highway Patrol Voluntary Pledge Committee is a legal entity, and whether estoppel, waiver, or failure to join necessary parties may apply in this case.

Briefly, the case law which supports this dissent may be found in *Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E. 2d 570 (1966); *Sechrest v. Furniture Co.*, 264 N.C. 216, 141 S.E. 2d 292 (1964); *Lewis v. Shaver*, 236 N.C. 510, 73 S.E. 2d 320 (1952); *Hall v. Hood*, 208 N.C. 59, 179 S.E. 27 (1935); *Gordon v. Fredle*, 206 N.C. 734, 175 S.E. 126 (1934); *Mast v. Sapp*, 140 N.C. 533, 53 S.E. 350 (1906); and *see also* 3 Strong, N.C. Index 3d, *Contracts*, § 21.1, p. 416. In substance, these cases hold that the cause of action begins to run when the breach occurs, that nonperformance of a contract constitutes a breach, and that a party is immediately at liberty to sue for breach for nonperformance. As was said in *Lewis v. Shaver, supra*, at 513, 73 S.E. 2d at 322, "the mere lack of knowledge of the facts constituting a cause of action does not postpone the running of the statute."

I would vote to reverse.