312 S.E.2d 421 (1984)
310 N.C. 445
Ewell G. PEARCE
v.
The NORTH CAROLINA STATE HIGHWAY PATROL VOLUNTARY PLEDGE COMMITTEE, Capt., O.R. McKinney, and Capt. E.D. Young.
No. 501A83.
Supreme Court of North Carolina.
March 6, 1984.
*422 Warrick, Johnson & Parsons, P.A. by Dale P. Johnson, Clinton, for plaintiff-appellee.
Rufus L. Edmisten, Atty. Gen. by Isaac T. Avery, III, Sp. Deputy Atty. Gen., Raleigh, for defendant-appellant.
FRYE, Justice.
This is an action in which the plaintiff seeks to recover monetary benefits from the *423 North Carolina State Highway Patrol Voluntary Pledge Fund Committee pursuant to a contractual agreement executed 23 February 1973. The dispositive issue on appeal is whether the plaintiff's claim is barred by the three year statute of limitations provided by G.S. § 1-52. For the reasons stated in this opinion, we hold that plaintiff's lawsuit was initiated after the three years statute of limitations had run, and therefore, his claim is barred. Accordingly, we reverse the decision of the Court of Appeals.

I.
Plaintiff, a uniformed member of the North Carolina State Highway Patrol, became a member of the North Carolina State Highway Patrol Voluntary Pledge Fund [hereinafter referred to as the Voluntary Pledge Fund] on 23 February 1973. The relevant portions of the Voluntary Pledge Fund Agreement executed by the plaintiff provided that monetary benefits would be paid to qualified members according to the rules and regulations listed below:
1. Membership in the Highway Patrol Voluntary Pledge Fund is limited to uniformed enforcement officers of the North Carolina State Highway Patrol.
2. Payments made only to Patrol members who have executed instruments identical to this one.
3. The amount of the payment to the recipient will be the sum of ten dollars ($10.00) for each pledge member. At any time a backlog exists, each member will be assessed an amount not to exceed twenty dollars ($20.00). If no backlog exists, ten dollars ($10.00) will be assessed from each member until a surplus fund will be accumulated in the amount of fifty dollars ($50.00) per man.
....
6. To be paid to any member that retires on disability provided; he has qualified and is receiving disability payments under the Federal Social Security Law.
7. The payments herein pledged are to be made within thirty (30) days of the death or retirement of the member unless other bona fide claims previously filed take precedent by date. When more than one claim is pending at any given time, they shall be paid in the order of the date of retirement. In cases where more than one retirement is effective on the same date, then the one that was filed first will take precedent. Claims for death will take precedent over claims for service or disability.
On 2 July 1973, while performing his duties as a Highway Patrolman at the scene of an accident, plaintiff was struck by a speeding vehicle which, inter alia, severely injured both of his legs. After numerous operations and repeated attempts to cure plaintiff's left leg which had become infected, plaintiff's leg was amputated on 20 February 1975. Due to the amputation of his leg, plaintiff retired from the Highway Patrol on disability on 30 June 1975.
Pursuant to an agreement which was worked out between the plaintiff and the Highway Patrol, plaintiff accepted employment as a telecommunicator on 1 July 1975. Sometime between 15 April and 15 June 1975, after inquiry from plaintiff, plaintiff was told by Lieutenant J.S. Powell that he did not qualify to receive any benefits from the Voluntary Pledge Fund.
Plaintiff was declared totally disabled and entitled to receive disability benefits from the Social Security Administration, after his accident. He received Social Security benefits from January, 1974 until December, 1976.
Plaintiff requested a hearing before the Voluntary Pledge Fund Committee on 25 July 1978 to discuss the denial of benefits to him. On 15 December 1978, a hearing was held before the Voluntary Pledge Fund Committee. By letter dated 18 December 1978, plaintiff was informed by the Voluntary Pledge Fund Committee that he was not entitled to any benefits.
*424 Subsequently, plaintiff filed the instant lawsuit against the Voluntary Pledge Fund Committee and specifically named individuals on 18 December 1981. The trial court denied both parties' motions for summary judgment. On 2 June 1982, both parties stipulated that this case could be decided upon affidavits and that the order of the trial court could be entered out of term and out of county. Thereafter, the trial court ruled that plaintiff's claim was not barred by the statute of limitations and that plaintiff was entitled to receive $10.00 from each of 795 persons who were members of the Voluntary Pledge Fund on 1 July 1975. The Court of Appeals affirmed the decision of the trial court.

II.
In the instant case, plaintiff contends that the defendants breached their contractual obligation to him by refusing to pay to him benefits to which he was entitled pursuant to the terms of the Voluntary Pledge Fund Agreement. Defendants contend that, even if they did breach the contract, which they do not concede, the plaintiff's claim is nevertheless barred by the three year statute of limitations.
Since plaintiff's lawsuit is based on the contractual agreement entered into between himself and the Voluntary Pledge Fund, it is governed by the statute of limitations applicable to contracts, which is G.S. § 1-52(1). G.S. § 1-52(1) provides that a three year statute of limitations is applicable to an action upon a liability arising out of a contract; that is, a plaintiff must commence any action based on a contract within three years from the time the cause of action accrues, absent the existence of circumstances which would toll the running of the statute of limitations. See generally Acceptance Corp. v. Spencer, 268 N.C. 1, 149 S.E.2d 570 (1966).
In a contract action, the statute of limitations begins to run when the contract has been breached and the cause of action has accrued. Reidsville v. Burton, 269 N.C. 206, 152 S.E.2d 147 (1967). Therefore, in order to determine if plaintiff's lawsuit is barred by the three year statute of limitations, this Court must first determine when the breach occurred which caused the cause of action to accrue.
Plaintiff contends that the contract was not breached until the Voluntary Pledge Fund Committee issued its formal letter of denial of benefits on 18 December 1978. He contends that until that time, no formal action had been taken by the Voluntary Pledge Fund Committee which had ultimate responsibility under the contract. Defendants contend that the breach occurred, if at all, on 31 July 1975, when the plaintiff was not paid any benefits pursuant to the contract. For the reasons stated hereinafter, we agree with the defendants that the breach of the contractual agreement occurred on 31 July 1975, and at that time, the plaintiff's cause of action accrued.
In Matthieu v. Gas Co., 269 N.C. 212, 152 S.E.2d 336 (1967), this Court stated the following concerning the accrual of a cause of action and the statute of limitations:
A cause of action accrues and the statute of limitations begins to run whenever a party becomes liable to an action, if at such time the demanding party is under no disability.... However, the more difficult question is to determine when the cause of action accrues. In the case of Mast v. Sapp, 140 N.C. 533, 53 S.E. 350, this Court said: "Where there is a breach of an agreement or the invasion of an agreement or the invasion of a right, the law infers some damage.... The losses thereafter resulting from the injury, at least where they flow from it proximately and in continuous sequence, are considered in aggravation of damages.... The accrual of the cause of action must therefore be reckoned from the time when the first injury was sustained.... When the right of the party is once violated, even in ever so small a degree, the injury, in the technical acceptation of that term, at once springs into existence and the cause of action is complete."
Id. at 215, 152 S.E.2d at 339. This Court also has held that "[n]onperformance of a *425 valid contract is a breach thereof ... unless the person charged shows some valid reason which may excuse the non-performance." Sechrest v. Furniture Co., 264 N.C. 216, 217, 141 S.E.2d 292, 294 (1965), citing Blount-Midyette & Co. v. Aeroglide Corp., 254 N.C. 484, 119 S.E.2d 225, (1961).
Applying the above-stated principles to the facts of the instant case, it becomes abundantly clear that plaintiff's claim is barred by the three year statute of limitations. Under the express terms of the contract, plaintiff was entitled to receive monetary benefits pursuant to paragraph six of the Voluntary Pledge Fund Agreement because, on his retirement date of 30 June 1975, he had qualified for and was receiving disability payments under the Federal Social Security Law. Pursuant to paragraph seven of the Voluntary Pledge Fund Agreement, any payments due plaintiff were to have been made within 30 days after his retirement, unless other bona fide claims took precedence over his claim.[1] Therefore, plaintiff was due to have been paid benefits from the Voluntary Pledge Fund on or before 30 July 1975. Since payment was not made on that date, the defendants were in breach of the contract on the following day, 31 July 1975. Plaintiff's cause of action accrued on 31 July 1975, because on that date, the plaintiff, not being under any legal disability, was at liberty to sue the Voluntary Pledge Fund Committee to enforce his rights under the contractual agreement. See Acceptance Corp. v. Spencer, 268 N.C. 1, 149 S.E.2d 570 (1966).
We note that pursuant to the terms of the contractual agreement, the Voluntary Pledge Fund Committee was not required to hold a hearing to review plaintiff's claim, although a hearing was held. As was stated in the dissenting opinion of the Court of Appeals, "no administrative hearing to determine benefit eligibility was required because neither the contract nor the defendants come under the provisions of the Administrative Procedure Act, G.S. 150A-1 et seq." Pearce v. Highway Patrol Vol. Pledge Committee, 64 N.C.App. 120, 124, 306 S.E.2d 796, 799 (1983) (Braswell, J., dissenting). Therefore, plaintiff cannot obtain solace from the fact that he was gratuitously granted a hearing.
It follows from the aforementioned statements that the period covered by the statute of limitations applicable to plaintiff's claim expired on 31 July 1978, three years after the date on which plaintiff's cause of action accrued. Therefore, the filing of this action by the plaintiff on 18 December 1981 more than three years after the statute of limitations had runwas not timely.
Plaintiff's other contentions, all of which seek to toll the running of the statute of limitations, are of no avail in this case. This Court strictly adheres to and is bound by the following principles enunciated in Shearin v. Lloyd, 246 N.C. 363, 98 S.E.2d 508 (1957):
Statutes of limitations are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action. They are statutes of repose, intended to require that litigation be initiated within the prescribed time or not at all.
It is not for us to justify the limitation period prescribed for actions such as this. See Albert v. Sherman, 167 Tenn. 133, 67 S.W.2d 140. Suffice to say, this is a matter within the province of the General Assembly.
Id. at 370, 98 S.E.2d at 514.
Briefly stated, plaintiff contends that the reason he waited so long to file this lawsuit was because he did not know whether he was going to be paid his monetary benefits "until the Voluntary Pledge Committee finally ruled on it [his case] on December 18, 1978." This statement does nothing to help plaintiff's case. As this Court has stated on numerous occasions, a plaintiff's lack of knowledge concerning his claim does not postpone or suspend the running *426 of the statute of limitations. Lewis v. Shaver, 236 N.C. 510, 73 S.E.2d 320 (1952); Gordon v. Fredle, 206 N.C. 734, 175 S.E. 126 (1934). Likewise, plaintiff's claim that the defendants are equitably estopped from pleading the statute of limitations is not supported by the evidence and is without merit. At all times relevant to this lawsuit, the defendants and others closely associated with the Voluntary Pledge Fund steadfastly maintained that plaintiff did not qualify to receive any benefits. The record is completely void of any evidence to support a finding that any actions or representations of the defendants induced the plaintiff to delay filing the instant lawsuit. Additionally, "equity will not afford relief to those who sleep upon their rights, or whose condition is traceable to that want of diligence which may fairly be expected from a reasonable and prudent man." Coppersmith v. Insurance Co., 222 N.C. 14, 17, 21 S.E.2d 838, 839 (1942). Based on the foregoing, we hold that the statute of limitations was not tolled in this case and as stated above, plaintiff's claim is barred. Having reached the above conclusion, we find it unnecessary to address the other issues raised by the defendant.
For all of the foregoing reasons, we hold that the Court of Appeals erred in its conclusion that plaintiff's claim was not barred by the three year statute of limitations. Therefore, we reverse that decision and remand this case to the Court of Appeals for further remand to the Superior Court, Sampson County, for entry of judgment consistent with this opinion.
REVERSED AND REMANDED.
MITCHELL, J., did not participate in the consideration and decision of this case.
NOTES
[1] Since neither party has mentioned any other existing claims, we have assumed that no such claims existed.