ROGERS TRUCKING CO. v. N.C. FARM BUREAU MUT. INS. CO.

[130 N.C. App. 130 (1998)]

ROGERS TRUCKING COMPANY, INC., Plaintiff v. NORTH CAROLINA FARM
BUREAU MUTUAL INSURANCE COMPANY, Defendant

No. COA97-1138

(Filed 7 July 1998)

**Statute of Limitations— contract—dishonored check**

The trial court correctly denied defendant's motion for summary judgment and granted plaintiff's motion for summary judgment in an action for breach of contract where plaintiff and defendant-insurer settled a claim arising from an automobile accident; defendant issued checks for the agreed amount; defendant subsequently determined that it had mistakenly paid more than the limits of coverage available and stopped payment on one of the checks; plaintiff brought this action; and defendant argued that the contract was breached on the date the stop payment request was processed by the bank rather than the date the check was dishonored, so that the statute of limitations had run. Plaintiff was not made aware that defendant had breached its duty to pay under the release until the check was presented for payment and plaintiff was informed that defendant had stopped payment; moreover, plaintiff would have had no reason to inquire as to whether defendant would stop payment on the check.

Appeal by defendant from judgments entered 31 July 1996 by Judge Henry V. Barnette, Jr. and 7 April 1997 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 19 May 1998.

*Angelina M. Maletto for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Richard T. Boyette and Leigh Ann Garner, for defendant-appellant.*

WALKER, Judge.

Plaintiff filed this action on 30 October 1995 alleging claims of breach of contract, fraud and unfair and deceptive trade practices against the defendant. On 31 July 1996, plaintiff's claims for fraud and unfair and deceptive trade practices were dismissed; however, the trial court denied the defendant's motion for summary judgment as to the breach of contract claim. Thereafter, plaintiff moved for summary judgment on the breach of contract claim and this motion was granted on 7 April 1997.

**ROGERS TRUCKING CO. v. N.C. FARM BUREAU MUT. INS. CO.**

[130 N.C. App. 130 (1998)]

The undisputed facts of this case are as follows: On 13 August 1992, a tractor-trailer belonging to plaintiff was involved in a motor vehicle accident which resulted in damages in excess of $30,000.00. The defendant's insured, Frank White (Mr. White), the driver of the other vehicle involved in the accident, was found to be at fault.

On 8 October 1992, Tommy Rogers, president of the plaintiff corporation, signed a release of all claims against defendant's insured in exchange for $48,403.21 to be paid to plaintiff by defendant for damages resulting from this accident. Defendant issued a check to plaintiff for $36,621.21 on 5 October 1992 as partial payment towards the settlement sum. The settlement balance of $11,782.00 was paid to plaintiff by check number T80816 on 20 October 1992.

Defendant subsequently determined that it had mistakenly paid the plaintiff more than the limits of coverage available to Mr. White. Thus, a decision was made to stop payment on the outstanding check number T80816 and the record reveals that the bank processed the stop payment request on 28 October 1992. Thereafter on 9 November 1992, when plaintiff presented check number T80816 to its local bank for payment, it learned for the first time that defendant had stopped payment on the check. On 15 November 1992, defendant returned the signed release to the plaintiff advising it had inadequate coverage to meet the terms of the release.

Defendant argues that it was entitled to summary judgment on the breach of contract claim as it was barred by the statute of limitations.

As the defendant asserts, summary judgment is proper where a plaintiff's claim is barred by the statute of limitations. We disagree, however, that the statute of limitations bars the plaintiff's claim in the instant case.

The parties agree that the applicable statute of limitations for a contract action is three years and begins to run on the date the contract is breached. *Ready Mix Concrete v. Sales Corp.*, 36 N.C. App. 778, 245 S.E.2d 234 (1978).

Defendant argues that the contract was breached on 28 October 1992, the date the stop payment request was processed by the bank, and therefore since plaintiff did not commence its action until 30 October 1995, the three-year statute of limitations had run and the claim was barred. Moreover, defendant argues it is immaterial that

plaintiff did not become aware of the breach until 8 November 1992, the date the check was actually dishonored.

Defendant relies primarily on *Pearce v. Highway Patrol Vol. Pledge Committee*, 310 N.C. 445, 312 S.E.2d 421 (1984) and *Martin v. Ray Lackey Enterprises*, 100 N.C. App. 349, 396 S.E.2d 327 (1990) in support of its position.

In *Pearce*, the plaintiff brought a breach of contract action against the defendant to recover monetary benefits from the North Carolina Highway Patrol Voluntary Pledge Fund pursuant to a contractual agreement. *Pearce*, 310 N.C. at 446, 312 S.E.2d at 422-23. The agreement provided that qualifying members would be paid benefits from the fund within thirty days of their retirement. *Id.* at 447, 312 S.E.2d at 423. Plaintiff retired on 30 June 1975 and therefore should have been paid benefits on or before 30 July 1975. However, sometime between 15 April and 15 June 1975, the plaintiff was informed that he did not qualify for benefits. *Id.*

The plaintiff requested a hearing, which was held on 15 December 1978, and by letter dated 18 December 1978, plaintiff was denied benefits. *Id.* The plaintiff thereafter filed his action on 18 December 1981. *Id.* at 448, 312 S.E.2d at 424.

Our Supreme Court held that because the express terms of the contract provided that plaintiff was to receive monetary benefits within thirty days of retirement, the contract was breached on 31 July 1975, thirty-one days after plaintiff retired. *Id.* at 449, 312 S.E.2d at 424. Thus, the plaintiff's claim was barred as it was not filed until 18 December 1981.

The plaintiff argued that because he did not have knowledge that he was going to be denied benefits until the defendant issued the 18 December 1978 letter, the statute of limitations did not start running until that time. *Id.* at 451, 312 S.E.2d at 425. The Supreme Court disagreed, concluding that plaintiff, not being under any disability, was at liberty to bring his claim on 31 July 1975 to enforce his rights under the contract. Further, the Court stated that "plaintiff's lack of knowledge concerning his claim does not postpone or suspend the running of the statute of limitations" and " 'equity will not afford relief to those who sleep on their rights, or whose condition is traceable to that want of diligence which may fairly be expected from a reasonable and prudent man.' " *Id.* at 451, 312 S.E.2d at 425-26 (*quoting Coppersmith v. Insurance Co.*, 222 N.C. 14, 17, 21 S.E.2d 838, 839 (1942).

**ROGERS TRUCKING CO. v. N.C. FARM BUREAU MUT. INS. CO.**

[130 N.C. App. 130 (1998)]

The defendant also relies on *Martin v. Ray Lackey Enterprises*, 100 N.C. App. 349, 396 S.E.2d 327 (1990). In *Martin*, this Court affirmed the trial court's grant of summary judgment for the defendants as it determined that the plaintiff's claim was barred by the statute of limitations.

The plaintiff in *Martin* was the lessor of a commercial lease who sued the lessees for the nonpayment of property taxes. Under the lease agreement, the defendant agreed to pay real estate taxes and insurance premiums. *Martin*, 100 N.C. App. at 351, 396 S.E.2d at 329. On 15 April 1986, the plaintiff filed a claim for the recovery of $18,280.41, representing real estate taxes paid by the plaintiff from 1977 through and including 1985. *Id.* at 352, 396 S.E.2d at 329.

Both parties agreed that the applicable statute of limitations was three years; however, the plaintiff argued that it did not begin to run until after the plaintiff gave the defendants a notice of default and the defendants failed to cure within the time specified by the lease. However, the defendants contended the breach occurred when the defendants failed to pay the taxes as they came due and therefore the plaintiff was "barred from recovery of all taxes which came due before three years prior to April 15, 1986, when the plaintiff filed this suit." *Id.* at 356, 396 S.E.2d at 332.

This Court agreed with the defendants finding that "[t]he language of the lease makes clear that breach occurred when the defendants failed to pay the taxes as they came due" and that "[u]pon breach, the plaintiff's cause of action accrued . . . and the statute of limitations began to run." *Id.* at 357, 396 S.E.2d at 332. The Court further noted that it was immaterial that other remedies were available to the plaintiff under the lease for collecting unpaid taxes as these other remedies did not suspend the running of the statute of limitations. *Id.*

The instant case is distinguishable from both *Pearce* and *Martin*. In *Pearce*, the plaintiff was aware that under the contract he was entitled to benefits by 30 July 1975. Moreover, he knew without resorting to investigative techniques that these benefits were not paid to him by this date. Likewise, in *Martin*, the plaintiff was aware, without investigation, that the defendant did not pay the property taxes as they came due and instead chose to pay the taxes himself and to seek reimbursement. Moreover, the language of the lease indicated that failing to pay the taxes as they came due would result in a breach of the agreement.

**ROGERS TRUCKING CO. v. N.C. FARM BUREAU MUT. INS. CO.**

[130 N.C. App. 130 (1998)]

In the instant case, the plaintiff was not made aware that the defendant had breached its duty to pay under the release until it presented the check to the bank for payment and was informed that the defendant had stopped payment on the check. Moreover, plaintiff would have had no reason to inquire as to whether the defendant would stop payment on the check.

For guidance, plaintiff directs our attention to the statute concerning negotiable instruments. N.C. Gen. Stat. § 25-3-118 (1995), provides in pertinent part:

**Statute of limitations.**

. . .

(c) Except as provided in subsection (d) of this section, an action to enforce the obligation of a party to an unaccepted draft to pay the draft must be commenced within three years after dishonor of the draft or 10 years after the date of the draft, whichever period expires first.

The Official Comment provides that the above-stated subsection applies primarily to personal uncertified checks as opposed to teller's checks, cashier's checks, certified checks and traveler's checks which are considered cash equivalents.

Based on the language in the foregoing statute, a breach of contract occurs at the time a draft (in this case a check) is dishonored by the bank.

Since we conclude the same reasoning applies in the instant case, we find that plaintiff's breach of contract claim was timely filed. Thus, the order of the trial court denying defendant's motion for summary judgment and the subsequent order granting the plaintiff's motion for summary judgment are

Affirmed.

Chief Judge EAGLES and Judge HORTON concur.