IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-36

Filed: 15 September 2020

Bladen County, No. 19 CVS 331

WANDA CAMPBELL MCLEAN, as the Administrator of the Estate of JOSEPHINE SMITH, Plaintiff,

v.

KATIE SPAULDING, Defendant.

Appeal by plaintiff from order entered 1 October 2019 by Judge Mary Ann Talley in Bladen County Superior Court. Heard in the Court of Appeals 26 August 2020.

*Coy E. Brewer, Jr. for plaintiff-appellant.*

*Hutchens Law Firm LLP, by Natasha M. Barone, J. Scott Flowers, Damón Gray II, for defendant-appellee.*

TYSON, Judge.

Wanda Campbell McLean, as Administrator of the Estate of Josephine Smith ("Plaintiff"), appeals from an order entered on 1 October 2019 granting Katie Spaulding's ("Defendant") motion to dismiss. The trial court's order is affirmed.

I. Background

On 18 March 2013, Josephine Smith ("Smith") and Defendant opened the investment account number 446-13688-1-3 (the "Account"), as joint owners, with Edward D. Jones & Co., Limited Partnership d/b/a Edward Jones ("Edward Jones").

Smith and Defendant executed an Edward Jones' form entitled Account Authorization and Agreement Form ("Account Form"), which contained the following language under the "Joint Accounts Only" section:

> Joint owners must select one form of ownership. If you have questions regarding which form of ownership is appropriate for you, please contact your attorney. Edward Jones will not, nor is any employee authorized to, advise you with this choice.

Underneath the above language, the following seven choices were available:

> 1) Joint Tenancy WROS (Not available in LA)
> 2) Tenants in Common
> 3) Tenants by the Entireties
> 4) Community Property (Community Property States only)
> 5) Community Property WROS (CA, NV & AZ only)
> 6) Survivorship Martial Property (WI only)
> 7) Marital Property (WI only)

Smith and Defendant selected the first choice that the account would be held as "Joint Tenancy WROS." Section II of the Account Agreement specified the investment account "is for broker-dealer services in a non-discretionary account."

Smith died on 13 September 2018. At the time of Smith's death, the investment account had a value of $267,486.24. Plaintiff initially filed a complaint against Defendant and Edward Jones on 23 October 2018, in Bladen County. This complaint sought a declaratory judgment declaring the account is a single person account owned by Smith's estate. Edward Jones filed a motion to dismiss on 29 November 2018. The trial court entered an order dismissing the complaint against

Edward Jones. Plaintiff then voluntarily dismissed the complaint against Defendant on 28 May 2019.

Plaintiff initiated this action by filing a second complaint in Bladen County. The second complaint asserted claims only against Defendant, not Edward Jones. Plaintiff alleged "the statutory requirements of N.C. Gen. Stat. § 41-2.1(a) requiring Right of Survivorship must be expressly provided for in the agreement, was not completed with any of the Edward Jones documents." As with the original complaint, Plaintiff sought a declaratory judgment establishing the Account "is a single person account owned by the Plaintiff Estate of Josephine Smith."

On 18 July 2019, Defendant filed motions to dismiss pursuant to N.C. R. Civ. P. 12(b)(1), 12(b)(6), and 12(b)(7), answer, and affirmative defenses in response to the second complaint. Defendant's motions to dismiss were heard by the trial court on 14 August 2019.

On 1 October 2019, the trial court entered an order dismissing the second complaint because the "[c]omplaint fails to state a claim upon which relief can be granted and to present a justiciable controversy because Plaintiff's claims against Defendant are barred by the statute of limitations." Plaintiff appeals.

## II. Jurisdiction

Plaintiff appeals the trial court's order as of right pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2019).

III. <u>Issues</u>

Plaintiff argues the trial court erred when it granted Defendant's Rule 12(b)(6) motion. She asserts her second complaint filed on 29 May 2019 states a claim upon which relief may be granted and the statute of limitations has not yet expired.

IV. <u>12(b)(6) Motion to Dismiss</u>

A. Standard of Review

"On appeal from a motion to dismiss under Rule 12(b)(6), this Court reviews *de novo* 'whether, as a matter of law, the allegations of the complaint . . . are sufficient to state a claim upon which relief may be granted.'" *Christmas v. Cabarrus Cty.*, 192 N.C. App. 227, 231, 664 S.E.2d 649, 652 (2008) (quoting *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987)), *disc. review denied,* 363 N.C. 372, 678 S.E.2d 234 (2009). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), "the well-pleaded material allegations of the complaint are taken as true; but conclusions of law or unwarranted deductions of facts are not admitted." *Azure Dolphin, LLC. v. Barton*, 371 N.C. 579, 599, 821 S.E.2d 711, 725 (2018) (citation omitted).

This Court has held: "A statute of limitations defense is properly asserted in a motion to dismiss under Rule 12(b)(6), and is proper grounds for the trial court to find a complaint is without merit."*Kaleel Builders, Inc. v. Ashby*, 161 N.C. App. 34, 38, 587 S.E.2d 470, 473 (2003) (quotation marks and citation omitted), *disc. review denied*, 358 N.C. 235, 595 S.E.2d 152 (2004).

B. Declaratory Judgment Act

"The purpose of the Declaratory Judgment Act is to settle and afford relief from uncertainty concerning rights, status and other legal relations, and although the Act is to be liberally construed, its provisions are not without limitation." *Consumers Power v. Power Co.*, 285 N.C. 434, 446, 206 S.E.2d 178, 186 (1974). Courts possess jurisdiction to render declaratory judgments when the pleadings disclose the existence of an actual controversy between the parties having adverse interest in the matter in dispute. *Gaston Bd. Of Realtors, Inc. v. Harrison*, 311 N.C. 230, 234, 316 S.E.2d 59, 61 (1984). When asserting a claim for declaratory judgment, the claimant "must set forth in his pleading all facts necessary to disclose the existence of an actual controversy between the parties . . . with regard to their respective rights and duties in the premises." *Lide v. Mears*, 231 N.C. 111, 118, 56 S.E.2d 404, 409 (1949).

Plaintiff's request for declaratory judgment is supported by two allegations/claims for relief: (1) the Account Form failed to comply with applicable statutory law, N.C. Gen. Stat. § 41-2.1(a), in order to establish a right of survivorship; and, (2) the right of survivorship was acquired by fraud. Although the second complaint contained one sentence alleging that the documents creating the Account were forged, Plaintiff failed to specifically allege the elements of fraud, include any argument, or to even mention any forgery in Plaintiff's principal brief or reply brief. Plaintiff has waived her right to challenge the court's dismissal of her forgery claim.

N.C. R. App. P. 28(a) ("Issues not presented and discussed in a party's brief are deemed abandoned.").

## C. N.C. Gen. Stat. § 41.2.1

Plaintiff argues the Account Form failed to create a joint account with right of survivorship under N.C. Gen. Stat. § 41.2.1(1). Although Plaintiff references several other statutes in her brief, these additional statutes, N.C. Gen Stat. §§ 53C-6-6(f), 54B-129, 54-109.58, 53C-6-7 and 54C-165 (2019), were not argued before the trial court and were not referenced in the second complaint.

Plaintiff alleges the statutory requirement of N.C. Gen. Stat. § 41-2.1(a) requiring the right of survivorship must be expressly provided for in the agreement was not complied with by any of the documents that created the Account. Our review of the requirements and definitions set forth in N.C. Gen. Stat. § 41-2.1 reveals this statute is not applicable to the Account at issue.

N.C. Gen. Stat. § 41-2.1(a) provides:

> A deposit account may be established with a banking institution in the names of two or more persons, payable to either or the survivor or survivors . . . when both or all parties have signed a written agreement . . . expressly providing for the right of survivorship.

N.C. Gen. Stat. § 41-2.1(a) (2019).

While N.C. Gen. Stat. § 41-2.1(e)(2) defines a "deposit account" as:

> Both time and demand deposits in commercial banks and industrial banks, installment shares, optional shares and

> fully paid share certificates in building and loan associations and savings and loan associations, and deposits and shares in credit unions.

N.C. Gen. Stat. § 41-2.1(e)(2) (2019).

N.C. Gen. Stat. § 41-2.1(e)(1) defines "banking institution" as "commercial banks, industrial banks, building and loan associations, and credit unions." N.C. Gen. Stat. § 41-2.1(e)(1) (2019).

### D. Broker-Dealer

Edwards Jones is a registered broker-dealer and investment advisor. Plaintiff's original complaint acknowledged "Edward Jones is dually registered with the SEC as a broker-dealer and an investment advisor." Edward Jones is not a "commercial bank, industrial bank, building and loan association, savings and loan association, or a credit union."

Since Edward Jones' activities or services are neither within the definition of "banking institution," nor does the Account at issue fall within the definition of "deposit account" under N.C. Gen. Stat. § 41-2.1, those statutory requirements are not applicable either to Edward Jones or to the Account. In the first action, the trial court dismissed Plaintiff's complaint because Edward Jones is not a banking institution as is defined by the statute, but instead is a broker-dealer.

Plaintiff cites *O'Brien v. Reece*, 45 N.C. App. 610, 613-15, 263 S.E.2d 817, 819-20 (1980), wherein this Court examined parties' signature card for their deposit

account with Central Bank & Trust Company to determine whether the language used therein was sufficient to comply with N.C. Gen. Stat. § 41-2.1 to create a joint account with a right of survivorship

*O'Brien* is not analogous to this case. Those facts deal with "deposit accounts" and "banking institutions," whereas this appeal involves an investment account with a registered broker-dealer and investment advisor. *Id.* Plaintiff's claim fails to satisfy the requirements of N.C. Gen. Stat. § 41-2.1 and fails to state a claim for relief.

E. N.C. Gen. Stat. § 41-2.2

This account is governed by N.C. Gen Stat. § 41-2.2 (2019). The General Assembly enacted N.C. Gen. Stat. § 41-2.2, for joint ownership of securities. A "security account" is defined as:

> reinvestment account associated with a security, a securities account with a broker, a cash balance in a brokerage account, cash, interest, earnings, or dividends earned or declared on a security in an account, a reinvestment account, or a brokerage account, whether or not credited to the account before the owner's death.

N.C. Gen. Stat. § 41-40(10) (2019).

The Account Form signed by both parties established the account for "broker-dealer services in a non-discretionary account." The Account falls within the definition of a "security account" as set forth in N.C. Gen. Stat. § 41-40(10). Under N.C. Gen. Stat. § 41-2.2(a), parties can choose to own a security account "as joint tenants with rights of survivorship, and not as tenants in common." A broker-dealer

holds a security account for its owners as joint tenants with right of survivorship only when:

> *by book entry or otherwise indicates* (i) that the securities are owned with the right of survivorship, or (ii) otherwise clearly indicates that upon the death of either party, the interest of the decedent shall pass to the surviving party.

N.C. Gen. Stat. § 41-2.2(b)(2) (emphasis supplied).  Based upon the plain language of the statute, no further specific language is required for a joint investment account to be established or held with right of survivorship.

## F. Construing the Contract

The Account and the Account Form are contracts between Smith, Defendant, and Edward Jones. "'The heart of a contract is the intention of the parties, which is to be ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time.'" *Lane v. Scarborough*, 284 N.C. 407, 410, 200 S.E.2d 622, 624 (1973) (quoting *Electric Co. v. Ins. Co.*, 229 N.C. 518, 520, 50 S.E.2d 295, 297 (1948)).  The court looks to "the plain meaning of the written terms" in order to "determine the intent of the parties." *RL REGI N.C., LLC v. Lighthouse Cove, LLC*, 367 N.C. 425, 428, 762 S.E.2d 188, 190 (2014) (citing *Powers v. Travelers Ins. Co.*, 186 N.C. 336, 338, 119 S.E. 481, 482 (1923)).  The meaning of a contract is "'gathered from its four corners.'" *Ussery v. Branch Banking & Tr. Co.*, 368 N.C. 325, 335, 777 S.E.2d 272, 279 (2015) (quoting *Carolina Power &*

*Light Co. v. Bowman*, 229 N.C. 682, 693-94, 51 S.E.2d 191, 199 (1949) (Stacy, C.J., *dissenting*)).

When interpreting a contract, the court must "construe them as a whole." *Id.*, 777 S.E.2d at 279 (citation omitted). "Each clause and word is considered with reference to each other and is given effect by reasonable construction." *Id.* at 336, 777 S.E.2d at 279 (citing *Sec. Nat'l Bank v. Educators Mut. Life Ins. Co.*, 265 N.C. 86, 93, 143 S.E.2d 270, 275 (1965)).

When the account was established, the parties were required to "select one form of ownership" with a default position on the Account Form under the "Joint Accounts Only" section. This section provides the seven options stated above. The Form Agreement specifies the account will be "deemed to be held jointly as tenants in common, unless we specify in the opening or registration otherwise." Both Smith and Defendant selected the "Joint tenancy WROS" option.

The Account Form satisfies the requirements of N.C. Gen. Stat. § 41-2.2 by being a "book entry" or writing which "otherwise" indicates "the securities are [jointly] owned with the right of survivorship." N.C. Gen. Stat. § 41-2.2. Smith and Defendant could have selected the box labeled "Tenants in Common" or not chosen by default. Instead, both signors specifically selected the box labeled "Joint Tenancy WROS."

The abbreviation or acronym "WROS" is commonly used to mean "with the right of survivorship" in North Carolina. NC Estate Administration Manual §

IX.II.6.C (2014).  While the Account Form could have spelled out WROS to be clearer, the contract is free of any ambiguities.  A distinguishing feature of a joint tenancy as opposed to a tenancy in common is the right of survivorship. *See Davis v. Bass*, 188 N.C. 200, 203, 124 S.E. 566, 569 (1924) (citation omitted).  It is clear from the four corners of the Account Form that the parties intended and specifically chose to create the Account as a joint tenancy with right of survivorship.

In her reply brief, Plaintiff recognizes the Account is actually governed by N.C. Gen. Stat. § 41-2.2(a), and not by N.C. Gen. Stat. § 41-2.1.  Plaintiff pivots her argument to assert both *O'Brien* and N.C Gen. Stat. § 41-2.1 articulates a public policy requiring the creation of a survivorship account should be done clearly and unambiguously.  She posits the provisions of N.C. Gen. Stat. § 41-2.2 and the language of the Account Form should require a similar level of clarity.

Under Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure, where a party fails to assert a claim in its principal brief, it abandons that issue and cannot revive the issue *via* reply brief. *See Beckles-Palomares v. Logan,* 202 N.C. App. 235, 246, 688 S.E.2d 758, 765 (2010) (holding appellant abandoned its statute of limitations argument "by its failure to advance the issue in its principal brief").

In both Plaintiff's second complaint and principal brief, Plaintiff argues the account at issue and Account Form fail to comply with N.C. Gen. Stat. § 41-2.1 and the account should be deemed "a single person account owned by the Plaintiff Estate

of Josephine Smith." Not until Plaintiff's reply brief, does she mention N.C. Gen. Stat. § 41-2.2 for the first-time during litigation.

Since Plaintiff never asserted her public policy argument under N.C. Gen. Stat. § 41-2.2 in either the second complaint or in her principal brief, she has abandoned the issue and cannot revive the issue *via* her reply brief. *See id.*

More importantly, this public policy argument is properly presented to the General Assembly, as opposed for the first time in a reply brief to an error correcting court. *Cabarrus Cty. Bd. of Educ. v. Dep't of State Treasurer*, 261 N.C. App. 325, 344, 821 S.E.2d 196, 210 (2018) (holding this Court is not the proper entity to address public policy considerations). This argument is abandoned and dismissed.

## G. Statute of Limitations

Plaintiff argues if the Account Form was insufficient to create a joint account with right of survivorship, then the statute of limitations did not begin to run until Smith's death when Edward Jones "for the first time designated the account as a joint account with Right of Survivorship." We disagree.

Plaintiff's second complaint is a request for declaratory judgment. The statute of limitations for declaratory relief is based upon the underlying claims. *Asheville Lakeview Props., LLC v. Lake View Park Comm'n, Inc.*, 254 N.C. App. 348, 353, 803 S.E.2d 6323, 636 (2017) (citation omitted).

Plaintiff's underlying claim for declaratory judgement arises out of an "obligation or liability arising out of a contract." The claim is governed by N.C. Gen. Stat. § 1-52(1) (2019). Under N.C. Gen. Stat. § 1-52(1) "a plaintiff must commence any action based on a contract within three years from the time the cause of action accrues, absent the existence of circumstances which would toll the running of the statute of limitations." *Pearce v. N.C. State Highway Patrol Voluntary Pledge Comm.*, 310 N.C. 445, 448, 312 S.E.2d 421, 424 (1984).

The language of the Account Form was sufficient for the parties to create a joint account with right of survivorship. *See* N.C. Gen. Stat. § 41-2.2(a). No allegations in the second complaint, her principal brief, or her reply brief asserts the statute of limitations was tolled, nor did Plaintiff plead any facts tolling the three-year statute of limitations.

The statute of limitations commenced on 13 March 2013, the date on which the Account with the right of survivorship designation was executed. The three-year statute of limitations expired on 13 March 2016. Since Plaintiff has not shown why the statute of limitations should be tolled, her claim for declaratory judgement elapsed and is barred.

## V. Conclusion

Plaintiff's second complaint failed to state a claim upon which relief may be granted. The statute of limitations has expired on Plaintiff's underlying contract

claim.  The trial court's dismissal of Plaintiff's second complaint is affirmed. *It is so ordered.*

AFFIRMED.

Judges HAMPSON and BROOK concur.